EGER *v*. HELMAR.

1. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED.
   Plaintiff and appellant, seven-year old boy injured as result of alleged negligence of defendant *held*, to have failed to submit a properly prepared brief on appeal by stating that only question involved was whether or not trial court properly and sufficiently apprised jury of questions involved and rules of law applicable thereto (Court Rule No. 67 [1933]).

2. TRIAL—INSTRUCTIONS CONSIDERED AS A WHOLE.
   Charge to jury, when considered as a whole, *held*, to have advised jurors of the law applicable to the case so as to enable them to make an intelligent and just disposition of controverted issues notwithstanding certain portions, when isolated from general context, are somewhat indefinite and possibly inaccurate.

3. SAME—INFANTS—ATTRACTIVE DANGER—NEGLIGENCE.
   In action by seven-year old boy for loss of sight of an eye while watching curb being cut down for a driveway, instruction that defendant was not negligent in using such tools as were used *held*, proper, where question as to whether children attracted to the work were properly warned as being too near was appropriately submitted to jury.

4. APPEAL AND ERROR—INSTRUCTIONS—NEGLIGENCE.
   Court's definition of negligence *held*, sufficient for particular case in the absence of request more adequately defining it (Court Rule No. 37, § 9 [1933]).

5. MASTER AND SERVANT—COMPETENCY—EVIDENCE—CARE IN SELECTING WORKMEN—INDEPENDENT CONTRACTOR.
   In absence of testimony of incompetency of party actually doing the work of cutting down a curb for driveway, his competency was not a question of fact for the jury and degree of care exercised by employer in the selection of employee or independent contractor is then immaterial.

6. APPEAL AND ERROR—CHARGE TO JURY.
   Contention that court's charge as a whole was misleading, confusing and prejudicial *held*, too general and indefinite to constitute a good reason in support of appeal.

7. SAME—STATEMENT AS TO REASONS FOR DENYING NEW TRIAL.
    Failure of trial court to file statement of reasons for denying mo-
        tion for new trial does not constitute ground for reversal
        although a violation of Court Rule No. 47, § 3 (1933), since it
        was subsequent to trial, did not affect outcome, and, on this
        appeal, did not prejudice appellant's rights.

Appeal from Wayne; Sweeny (Henry S.), J.,
presiding. Submitted June 14, 1935. (Docket No.
104, Calendar No. 38,422.) Decided September 9,
1935.

Case by John Eger, by next friend, against
Charles B. Helmar for loss of an eye due to alleged
negligence in breaking away a curb. Verdict and
judgment for defendant. Plaintiff appeals. Af-
firmed.

*Colby, Berns & Costello,* for plaintiff.

*Walter F. Kramer* (*Bulkley, Ledyard, Dickinson
& Wright,* of counsel), for defendant.

NORTH, J. Plaintiff, an infant, brought this suit
by his next friend to recover damages for loss of
the sight of his left eye alleged to have been caused
by the negligence of defendant's employee. In cir-
cuit court on trial by jury defendant had verdict
and judgment was rendered thereon. Plaintiff has
appealed.

Defendant, Helmar, as a contractor was building
a residence for a Mr. Quinn in the city of Detroit.
The street curb had to be cut or broken away for a
driveway into the property. Defendant engaged
Frank Lazone to do this work. Plaintiff claims that

while breaking away the curb Lazone was negligent in his manner of doing the work and in failing "to place such safeguards about the plaintiff that would insure him against injury;" and that while plaintiff was standing nearby a piece of steel from a tool being used flew into plaintiff's eye and caused him to lose the sight thereof.

Plaintiff at the time of injury was seven years of age and a boy of at least average intelligence. On direct examination he testified:

"While he (Lazone) was chiseling the curb we children were standing about five feet from him. I stood close to see the sparks fly. I did not know it was dangerous. He told us to move back because we were liable to get hurt. I moved back five or seven feet. I was 10 or 15 feet from the curb when hit. I was the only boy in the street when hit, the man was facing the other way. I was watching him cut the curb for about 10 or 15 minutes. * * * It was when Mr. Lazone was chiseling the curb that the steel flew in my eye."

Lazone also testified that when he was cutting the curb, he told the children several times to get back, they were liable to get hurt. He further testified that while he was picking up broken pieces of concrete and with his back turned toward plaintiff, the latter picked up the hammer, struck a quick blow and then ran away, but that Lazone at that time did not know plaintiff had hurt himself. Lazone further testified that his wife also warned the children several times to keep back and that she watched them to see that they did not get too close. It is defendant's claim that Lazone was free from negligence and also that he was an independent contractor.

We first call attention to appellant's failure to submit a properly prepared brief. Court Rule No. 67 (1933) provides:

"On the first page of the brief appellant shall * * * state the questions involved in the appeal. Each question shall be numbered and set forth separately, in the briefest terms. * * * Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved."

We quote the only question presented by appellant's brief:

"Did the trial court properly and sufficiently apprise the jury of the questions involved, and the rules of law applicable thereto?"

Obviously this general and indefinite question is not at all informative or in any way helpful as a statement of "the questions involved in the appeal." It does not comply with the rule and would justify dismissal of this appeal on the ground that, as provided in the rule, "Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved."

Notwithstanding lack of compliance with an important rule, we, have given consideration to the merits of the appeal as presented by the record and briefs. We quote from the body of appellant's brief:

"These errors (15 assignments set forth in the record), for convenience of discussion and argument, may be grouped under four headings:

"(a) Error of the trial court in charging the jury that there was no evidence of negligence on the part of the defendant.

"(b) Failure of the trial court to properly and clearly define negligence and its application to this cause.

"(c) Error of the trial court in its failure and its refusal to properly charge the jury as to the liability of the principal in the hiring, and for the acts of an independent contractor.

"(d) That the charge of the trial court, considered as a whole, was misleading, confusing and prejudicial."

In the instant case, as sometimes happens, certain portions of the charge to the jury when isolated from the general context are somewhat indefinite and possibly inaccurate. But as a whole we think the charge advised the jurors of the law applicable to the case in such a manner as enabled them to make an intelligent and just disposition of the controverted issues.

Touching appellant's complaint in paragraph (a) above quoted, the record clearly discloses that the trial court did not charge that "there was no evidence of negligence on the part of the defendant," nor do we think it possible the jury could have so understood. Instead, the part of the charge of which appellant here complains was very definitely applied by the trial judge to the "manner or method" of using the tools in doing the work. The court specifically so limited this portion of the charge by saying:

"In the cutting down of the curb, the use of a sledge hammer or the use of a small hammer or shovel that was used there to gather up the debris might have been, or might be such tools as would be used in an ordinary job of that kind, and there is no evidence here to indicate that in the use of the sledge hammer, in the use of the smaller hammer or

the shovel or whatever other tools were used in the performance of this particular job of cutting down this curb, that they were used negligently.''

This portion of the charge given was proper; and elsewhere in the charge the question of whether Lazone properly warned the children present of the danger of being too near the work and took reasonable and proper means of protecting them was appropriately submitted to the jury as a question of fact. We quote in part:

''There is a question of fact I am submitting to you: This being the type of work that would attract persons and especially children, and children having been attracted to the scene of this work, as to whether or not the person who was cutting down the curb exercised the proper degree of care that he owed to the children who were gathered about therein, in warning them of the particular dangers that were present and in trying to keep them out of the zone, as it were, of danger that surrounded that particular operation or field of operation.''

Appellant's complaint set forth in paragraph (b) above quoted is without merit. The court's statement as to what constitutes negligence was sufficient for the purposes of the instant case and was not prejudicial to plaintiff. Further, appellant did not submit a request which more adequately covered this phase of the case. Court Rule No. 37, § 9 (1933), provides:

''The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested.''

Nor do we find merit in appellant's contention set forth in paragraph (c) above quoted that the trial judge committed error by failing to properly charge

as to the liability of a principal for the acts of an independent contractor because of the former's negligence in hiring an incompetent contractor. Plaintiff claims Lazone was an employee of the defendant and that the latter was responsible for the former's negligence. But defendant asserted Lazone was an independent contractor and on that ground, as well as others, denied liability. The character of Lazone's employment was submitted to the jury. In this connection the trial judge charged:

"I further charge you that there is no evidence in this case that the work of cutting the curb was done by an incompetent person, and there is no evidence that the defendant was negligent in employing Frank Lazone to cut the curb, in the event you find any such employment existed between this defendant and Frank Lazone."

Appellant urges that "the competency of Lazone was a question of fact for the determination of the jury." We cannot so hold because there was no testimony of incompetency.

"The mere fact that the contractor negligently caused an injury to another affords no presumption that the employer was negligent in his selection of a contractor, and, if the independent contractor is, as a matter of fact, competent, the degree of care exercised by the employer in his selection is immaterial." 14 R. C. L. p. 81.

In general terms appellant contends that the court's charge as a whole was "misleading, confusing and prejudicial." As already indicated, we are not in accord with this contention, and further the claim made by appellant is too general and indefinite to constitute a good reason in support of the appeal.

The alleged error based upon the refusal or neglect of the trial judge to file a signed statement of his reasons or to dictate to the court stenographer the reasons for denying plaintiff's motion for new trial does not constitute ground for reversal. This was a violation of Court Rule No. 47, § 3 (1933); but it was subsequent to the trial of the case and in no way affected the outcome, nor has it prejudiced appellant's rights on this appeal.

Judgment entered in the circuit court is affirmed.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.