Elmo A. TURNER, Jr., Appellant,

v.

JACK TAR GRAND BAHAMA, LTD.,
et al., Appellees.

No. 22234.

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1965.

Jim S. Phelps, Houston, Tex., Phelps, Kilgarlin & Snell, Houston, Tex., for appellant.

W. L. Kemper, Houston, Tex., F. M. DeRosa, New York City, The Kempers, by W. L. Kemper, Sr., Houston, Tex., for appellees.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

TUTTLE, Chief Judge:

This is an appeal from the district court's order granting appellee's motion to dismiss this action for lack of *in personam* jurisdiction. Appellant brought this suit to recover for personal injuries sustained while attending a sales convention held at appellee's hotel in the Grand Bahamas. It is undisputed that all the convention arrangements were made at the Grand Bahama Hotel itself by appellant's employer.

Jack Tar Grand Bahama, Ltd. is incorporated under the laws of the British Crown Colony of Bahama. It has never obtained a certificate of authority to do business in Texas; nor has it ever had a registered office or agent there. It owns no property in Texas, has no bank account there and is not listed in any Texas telephone directory. Its stockholders' and directors' meetings are conducted in Nassau, where the office of its general counsel is located.

Appellant seeks to base *in personam* jurisdiction upon the following facts: (a) Appellee's officers and directors reside in Texas; (b) the two Jack Tar hotels located in Texas solicit and take reservations for the Grand Bahama Hotel; (c) appellee's officers sometimes hold conferences and meetings in Texas to discuss the operation of the Grand Bahama Hotel; (d) the Jack Tar Management Company, a Delaware corporation with its principal place of business in Texas, serves appellee primarily as a buying company,[1] designed to take advantage of the joint purchasing power of the Jack Tar hotels.[2]

At the outset, we hold that the district court did not err in limiting appellant to thirty minutes in presenting

---

1. The Management Company does business throughout the United States, wherever it can find the best prices; approximately 25 to 30 percent of its purchases are made in Texas. The arrangement between the Management Company and the various Jack Tar hotels gives each hotel, including appellee, an option to take advantage of any of the Management Company's purchase contracts. However, because of appellee's foreign location, freight and tariff costs frequently render it advantageous to buy through its own purchasing department from other (largely Canadian and British) sources.

2. The secondary purpose of the Jack Tar Management Company is to co-ordinate common sales efforts of the various Jack Tar hotels. In this capacity the Management Company provides common printing and other advertising services, helps find suitable personnel for the hotels and performs an accounting supervision service.

Each hotel has an option to utilize these services according to its own need or desire.

With regard to advertising, the Management Company also co-ordinates an exchange of reservation service for the Jack Tar hotels. Each hotel is willing to accept, subject to confirmation, reservations for other Jack Tar hotels. Certainly this is no novel concept. It closely corresponds to the function of the normal travel agent, and is common to many of the larger hotel chains throughout the United States. There are two Jack Tar hotels located in Texas which offer this "solicitation-type" service to appellee, as well as the other Jack Tar hotels.

his case at the hearing on the motion to dismiss. In light of certain statements of appellant's counsel at this hearing together with appellant's failure to seek further discovery during the five-plus months between the filing of appellee's affidavit contesting jurisdiction and the date of the hearing, it cannot be said that this thirty minute limitation constituted an abuse of the trial judge's discretion. See Walker v. Savell, 335 F.2d 536, 539 (5th Cir. 1964).

Regarding the "due process" question, we feel that Article 2031b, Vernon's Texas Rev. Civil Stat. Ann., could not constitutionally be construed by the Texas courts so as to allow the exercise of jurisdiction on the instant facts. Since we have no desire actually to construe Article 2031b before the Texas courts have had a chance to do so, we do not attempt to determine the precise limits to the sweep of this statute. We assume, without deciding, that this Texas statute does provide a basis for the exercise of *in personam* jurisdiction to the fullest extent permitted under the federal constitution.

■■ Our first step in reaching our conclusion is to note appellant's failure of proof in attempting to attribute to appellee, for purposes of *in personam* jurisdiction, the activities of the Jack Tar Management Company. Certainly common stock ownership and/or identity of officers do not in themselves establish the agency relationship. See National Hotel Co. v. Motley, 123 S.W.2d 461, 464–465 (Texas Ct.Civ.App. 1939). Nor does the record contain any suggestion that appellee exercises the type of *control* over the business operations of the Management Company which is essential in order to establish the agency relationship. Cf. Frazier et al. v. Alabama Motor Club, Inc., et al., 5th Cir., 349 F.2d 456.

■■ Next we hold that the mere residence of officers and directors in Texas, together with the holding of conferences in the state regarding appellee's business operation, do not constitute a sufficient "plus" to prevent application of the "rule" (the existence of which was conceded by appellant in his brief) that solicitation alone is an insufficient basis for *in personam* jurisdiction. See Green v. Chicago, Burlington & Quincy Ry., 205 U.S. 530, 533–534, 27 S.Ct. 595, 51 L.Ed. 916 (1907); MacInnes v. Fontainebleau Hotel Corp., 257 F.2d 832, 834 (2d Cir. 1958). Compare International Shoe Co. v. State of Washington, 326 U.S. 310, 314–315, 319–320, 66 S.Ct. 154, 90 L. Ed. 95 (1945). Without expressing an opinion as to the continued validity of such a rule in light of International Shoe Co. and its progeny, we hold, in the alternative, that the type of solicitation which appellee carried on in Texas (See footnote 2, supra), together with the residence of officers and directors and the holding of management conferences in Texas, are too remotely related to appellee's "business" to provide a sufficient basis for *in personam* jurisdiction. Accordingly, the judgment of the district court dismissing appellant's complaint for lack of *in personam* jurisdiction is affirmed.