**HERMETIC SEAL CORPORATION, a California corporation, Plaintiff,**

v.

**SAVOY ELECTRONICS, INC., a Michigan corporation duly licensed to do business in Florida; and Savoy Industries, Inc., a Delaware corporation, Defendants.**

**No. 66–642–Civ–CF.**

United States District Court
S. D. Florida.

Sept. 15, 1967.

Herman Grayson, Miami Beach, Fla., for plaintiff.

Paul B. Anton, of Abrams, Anton, Robbins & Resnick, Hollywood, Fla., for defendants.

## ORDER

FULTON, Chief Judge.

In its Amended Motion to Dismiss for lack of jurisdiction over the person, the Defendant SAVOY INDUSTRIES asks this Court to quash and set aside attempted service of process upon it by serving Rex Bassett, who is Vice-President of SAVOY INDUSTRIES and President of the other Defendant herein, SAVOY ELECTRONICS, a wholly owned subsidiary of SAVOY INDUSTRIES. As grounds therefor, SAVOY INDUSTRIES, a Delaware corporation with principal places of business in Oklahoma and New York, alleges that it is a separate and distinct corporate entity from its subsidiary, SAVOY ELECTRONICS, and that it does no business and engages in no business venture in Florida. At the recent evidentiary hearing conducted by this Court upon said

Motion, the Court heard the oral testimony of Mr. Bassett and received various items of documentary evidence.

▮ Plaintiff relies on three of Florida's long arms in its attempt to bring SAVOY INDUSTRIES within the jurisdiction of this Court. It has attempted to serve Mr. Bassett as agent or President of the agent in fact—although not so designated—of SAVOY INDUSTRIES, pursuant to § 47.16, Florida Statutes, F.S.A. It has attempted to serve Mr. Bassett as Vice-President of SAVOY INDUSTRIES, pursuant to § 47.17(1), Florida Statutes, F.S.A. Finally, it has attempted to serve Mr. Bassett as agent for, or as President of the agent for SAVOY INDUSTRIES, pursuant to § 47.171, Florida Statutes, F.S.A. In order to bring SAVOY INDUSTRIES within the grasp of any of these three long arms, Plaintiff has the burden of proving either,

1) that SAVOY INDUSTRIES itself does business or is engaged in a business venture in Florida, or

2) that SAVOY ELECTRONICS, whose principal place of business lies in Florida, is in reality its alter ego or instrumentality so that SAVOY INDUSTRIES does business in Florida by means of and through SAVOY ELECTRONICS, or

3) that Rex Bassett was at the time of the attempted service sent into Florida by SAVOY INDUSTRIES for the purpose of promoting the business of SAVOY INDUSTRIES in Florida and encouraging the use of SAVOY INDUSTRIES products in Florida. See Amphicar Corp. of America v. Gregstad Distributing Corp., 138 So.2d 383 (Fla.App.1962)

The proof evinced at the recent hearing, together with the affidavits filed in connection with this controversy, showed the following factual situation. A typical parent-subsidiary set-up exists: SAVOY ELECTRONICS and SAVOY INDUSTRIES have inter-locking officers and directors, the most significant of whom, for purposes of this jurisdictional question, is Rex Bassett. Although Mr. Bassett is Vice-President of SAVOY INDUSTRIES, he receives no compensation from that corporation other than reimbursement for his expenses incurred in attending SAVOY INDUSTRIES board meetings in New York. He derives his compensation pursuant to his employment contract with SAVOY ELECTRONICS as its President.

It should be noted that SAVOY ELECTRONICS was founded by Mr. Bassett in 1937 as Rex Bassett, Inc. and has only recently been acquired by SAVOY INDUSTRIES, in 1959. The next year, in 1960, Rex Bassett, Inc. changed its name to SAVOY ELECTRONICS, INC. Since its inception, SAVOY ELECTRONICS, formerly Rex Bassett, Inc. has always been in the quartz crystal and electronics business and Mr. Bassett is and has been a highly regarded expert in that field. On the other hand, the parent SAVOY INDUSTRIES is in the oil business and is also a holding company which owns the stock of several subsidiary corporations in diverse businesses.

It is undisputed that SAVOY INDUSTRIES is not licensed to do business in Florida and maintains no offices or physical plant in Florida. It has no telephone listing in Florida nor does it maintain any bank accounts in Florida. SAVOY INDUSTRIES, the parent, has made several loans to SAVOY ELECTRONICS since acquiring ELECTRONICS, and has also guaranteed several loan obligations incurred by ELECTRONICS with local banks; however, the guarantees were executed in New York. A consolidated tax return prepared by independent accountants in New York is filed by SAVOY INDUSTRIES reflecting the income and deductions of all its subsidiaries. Information reflecting the income and deductions of SAVOY ELECTRONICS is obtained from financial statements prepared by independent accountants in Florida.

Although SAVOY ELECTRONICS' stationary and office building bear the phrase, "a subsidiary of Savoy Industries," SAVOY ELECTRONICS maintains its own physical plant and offices in Fort Lauderdale, Florida. It pays its own rent to an independent lessor for the use of these premises. It maintains its own bank accounts in local banks and employs its own employees. Its board of directors meets and acts independently of the parent corporation's board of directors.

■ ■ It is well established that the mere existence of a parent-subsidiary relationship does not validate service upon the subsidiary in order to reach the parent under a long arm statute. Thus a foreign corporation is not "doing business" or "engaged in a business venture" within a state simply by virtue of owning the stock of a corporation which does do business in that state. This is the so-called "Cannon Rule" enunciated by the United States Supreme Court in Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) and followed by the Court of Appeals for the Second Circuit applying Florida law in Berkman v. Ann Lewis Shops, 246 F.2d 44 (2nd Cir. 1957). Adding the fact that there is an identity of officers and directors of the parent and subsidiary corporations does not supply the vital "minimum contact." Turner v. Jack Tar Grand Bahama, Ltd., 353 F.2d 954 (5th Cir. 1965). Even where the officers and directors of the foreign parent corporation reside in the state attempting to exercise jurisdiction over that corporation, they hold conferences concerning the parent corporation within that state, and the parent's buying subsidiary company does business in the state, the necessary contact does not exist. Turner v. Jack Tar Grand Bahama, Ltd., supra.

■ On the other hand, it is clear that if a Florida subsidiary is a jobber or distributor through which the parent sells its products in Florida, the parent may well be within the Court's jurisdiction, for under § 47.16(2), Florida Stat-utes, a conclusive presumption that the parent is hereby doing business in Florida arises. Deere & Company v. Watts, 148 So.2d 529 (Fla.App.1963); cf Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 332 F.2d 135 (5th Cir. 1964). Admittedly, there is no proof that SAVOY ELECTRONICS is a jobber or distributor for SAVOY INDUSTRIES.

■ Similarly, if a principal officer of the parent corporation maintains an office in Florida from which he directs and controls the business operations of the Florida subsidiary, and the parent's board meetings, corporate records, and shareholders are in Florida then the subsidiary may be considered the alter ego or instrumentality of the parent so that the parent may thereby be doing business in Florida. H. Bell & Associates, Inc. v. Keasbey & Mattison Co., 140 So.2d 125 (Fla.App.1962); Frazier v. Alabama Motor Club, 349 F.2d 456 (5th Cir. 1965). Although Plaintiff argues that SAVOY INDUSTRIES directs and controls the policy and operations of SAVOY ELECTRONICS, the proof does not support such an argument. On the contrary, the proof indicates that ELECTRONICS sets its own policies and operates its own business—a business which is foreign to the SAVOY INDUSTRIES' oil business.

■ Finally, if a foreign corporation sends one of its principal officers into Florida for the purpose of promoting its business in Florida and encouraging the sale of its products in Florida, then sufficient contact with Florida exists to validate service upon the foreign corporation by serving that officer, pursuant to § 47.17(1), Florida Statutes, F.S.A. Amphicar Corp. of America v. Gregstad Distributing Corp., supra. However, in the instant case, the proof shows that Rex Bassett has resided in Florida since 1940, long before he became an officer of SAVOY INDUSTRIES, and that he has not and is not promoting the SAVOY INDUSTRIES business in Florida or encouraging the sale of its products in Florida. It appears that the

oil business is quite foreign to Mr. Bassett, and that if the parent corporation derives any pecuniary benefit from his being in Florida, that possibility of benefit is too indirect and remote to supply the necessary contact with Florida, as outlined above.

Even the other cases cited by Plaintiff as supplying the yardstick by which the extent of a subsidiary's autonomy and independence from its parent is measured are of no avail here. See Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 7 A.L.R.3d 1332 (7th Cir. 1963); Fisser v. International Bank, 282 F.2d 231 (2nd Cir. 1960); Electrical Equipment Co. v. Daniel Hamm Drayage Co., 217 F.2d 656 (8th Cir. 1954). If anything, the *Steven* and *Fisser* decisions, as well as the decision of the Court of Appeals for the Fifth Circuit in Overstreet v. Southern Railway Co., 371 F.2d 411 (5th Cir. 1967), teach that caution must be used before piercing the corporate veil of a subsidiary, laying aside its corporate entity, and treating its acts as the acts of the parent. Although there was proof of parental control over the subsidiaries in these two cases, their separate corporate entities were left intact. The *Electrical Equipment* case teaches that before a foreign corporation can be brought within the grasp of Iowa's long arm statute, it must be shown that there are substantial contacts in that state, including soliciting business there, moving heavy machinery and supervisory personnel to work there. Plaintiff has failed to prove similar facts in the instant case.

Thus, Plaintiff has failed to sustain its burden of proving that SAVOY INDUSTRIES has had, either by itself or through its subsidiary, SAVOY ELECTRONICS, the requisite contact with Florida to justify service under § 47.16, § 47.17(1), or § 47.171, Florida Statutes, F.S.A. Because of this finding, it is not necessary for the Court to reach the question of whether Plaintiff's cause of action arose out of SAVOY INDUSTRIES' activities in Florida, or whether Mr. Bassett or SAVOY ELEC-

TRONICS is the agent in fact for SAVOY INDUSTRIES for purposes of service of process. It is thereupon,

Ordered and adjudged that Defendant SAVOY INDUSTRIES' Amended Motion to Dismiss be and the same is hereby granted.