WILES v. B. E. WALLACE PRODUCTS CORPORATION

1. CORPORATIONS—FOREIGN    CORPORATIONS—JURISDICTION—LIMITED
   JURISDICTION—STATUTES.

   Limited personal jurisdiction over a foreign corporation may arise when it does or causes any act to be done, or consequences to occur, in this state which result in an action for tort even though that corporation may not be carrying on a continuous and systematic part of its general business within this state (MCLA §§ 600.711[3], 600.715[2]).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 36 Am Jur 2d, Foreign Corporations § 138 *et seq.*

2. CORPORATIONS—FOREIGN CORPORATIONS—JURISDICTION—SUCCESSOR IN INTEREST—MINIMUM CONTACTS.

> *In personam* jurisdiction may exist over a foreign corporation as the successor-in-interest of a sole proprietorship if the successor corporation has expressly assumed the debts, contracts, and liabilities of its predecessor, or where it is in fact the *alter ego* of the sole proprietorship or has sufficient minimum contacts with this state.

3. CORPORATIONS — FOREIGN CORPORATIONS — SOLE PROPRIETORSHIP — JURISDICTION — LIMITED JURISDICTION.

> Limited personal jurisdiction over a foreign sole proprietorship exists by virtue of its manufacture and sale of a defective gantry to a Michigan corporation and the subsequent injury it caused to plaintiff, but the trial court did not err in denying the successor foreign corporation's motion for accelerated judgment where there were not sufficient jurisdictional facts before the court to determine whether there was *in personam* jurisdiction over the successor foreign corporation.

Appeal from Ingham, Archie D. McDonald, J. Submitted Division 2 March 4, 1970, at Lansing. (Docket No. 6,472.) Decided July 27, 1970. Leave to appeal denied November 19, 1970. 384 Mich 777.

Complaint by Richard Wiles against B. E. Wallace Products Corporation, Lansing Board of Water and Light and B. E. Wallace Products Company for negligence and breach of warranty. Corporate defendant's motion for accelerated judgment denied. Corporate defendant appeals. Affirmed.

*Sinas, Dramis, Brake & Turner* (*Barry D. Boughton,* of counsel), for plaintiff.

*John P. O'Brien,* for B. E. Wallace Products Corporation.

*James A. Timmer,* for Bernard E. Wallace, doing business as B. E. Wallace Products Company.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

J. H. GILLIS, P. J. This is an appeal upon leave granted from an order denying defendant B. E. Wallace Products Corporation's motion for accelerated judgment. The motion was based on a claimed lack of *in personam* jurisdiction. See GCR 1963, 116.1(1).

On September 3, 1964, the plaintiff, Richard Wiles, was injured when the gantry with which he was working collapsed. He filed suit against the Lansing Board of Water and Light, purchaser of the gantry, and the B. E. Wallace Products Corporation, (hereinafter corporation), the manufacturer of the gantry. When plaintiff learned that the B. E. Wallace Products *Company,* a sole proprietorship (also located in Pennsylvania), had designed, manufactured and sold the gantry, he amended his complaint.

The amended complaint added Bernard E. Wallace, doing business as B. E. Wallace Products Company, as a defendant. It alleged that the corporation was the successor in interest of the sole proprietorship.

The manufacture of the gantry, and its sale and delivery to the Lansing Board of Water and Light by the proprietorship *before* incorporation of defendant corporation was not disputed. The plaintiff claimed, however, that since jurisdiction was obtained over the proprietorship, the corporation, as successor to the assets and liabilities of the proprietorship, stood in the shoes of the proprietorship and was, therefore, subject to our jurisdiction.

The corporation moved to quash, arguing that since it was not in existence at the time the gantry

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was manufactured and sold, it could not be subjected to the jurisdiction of Michigan courts. The motion was temporarily denied; it was subsequently renewed in the form of a motion for accelerated judgment. The trial judge denied this latter motion on the ground that jurisdictional facts arose which could not be dealt with summarily.

On appeal, the question presented is whether denial of defendant corporation's motion to dismiss for lack of jurisdiction was proper where the jurisdictional facts were yet to be established. Analysis of this issue necessarily concerns the question of whether plaintiff can ever succeed on his theory of "successor in interest" in light of our "long-arm" jurisdictional statutes.

The bases of jurisdiction over foreign corporations are founded in statute. MCLA § 600.711(3) (Stat Ann 1962 Rev § 27A.711[3]) grants general *in personam* jurisdiction over foreign corporations who carry on "a continuous and systematic part of its general business within this state". Arguably, neither the corporation nor the proprietorship falls within this provision. However, *limited* personal jurisdiction arises over a foreign corporation by "the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort". MCLA § 600.715(2) (Stat Ann 1962 Rev § 27A.715[2]).

The premise that jurisdiction may be based upon isolated or sporadic contacts when the claim arises out of such contacts is well established. *McGee* v. *International Life Insurance Company* (1957), 355 US 220 (78 S Ct 199, 2 L Ed 2d 223). It appears from the record that there is, at least, limited personal jurisdiction over the sole proprietorship in the instant case, by virtue of the sale of the gantry to the Lansing Board of Water and Light.

Plaintiff's contention that this finding of jurisdiction may be applied against the corporation as a successor in interest, or as an *alter ego* of the proprietorship, is not wholly outside of the law. For instance, in Michigan, the debts and contracts of a partnership become the debts and contracts of the corporation succeeding the partnership, *if* they are expressly assumed by it. *McLellan* v. *Detroit File Works* (1885), 56 Mich 579; *Piette* v. *Bavarian Brewing Company* (1892), 91 Mich 605. See also, *Rodgers* v. *Lincoln Hospital* (1927), 239 Mich 329. In some cases the foreign corporation was held amenable to personal jurisdiction because of the activities of its subsidiaries on the theory that the corporate separation was fictitious, see *Intermountain Ford Tractor Sales Company* v. *Massey-Ferguson Limited* (D Utah, 1962) 210 F Supp 930, or that the parent was in reality the *alter ego* of its subsidiary, see *Hermetic Seal Corporation* v. *Savoy Electronics, Inc.* (SD Fla, 1967) 290 F Supp 240.

In this case, it is not clear whether it would be proper to look behind the corporate identity of the defendant. This appeal comes to us before sufficient facts have been adduced to determine jurisdiction. Indeed, the motions to dismiss for lack of jurisdiction were filed and argued before plaintiff had completed discovery and before the trial judge had made any final ruling on the issue. Certainly, a court has the judicial power to rule on the question of *in personam* jurisdiction. See generally, 21 CJS, Courts, § 113, pp 174, 175.

It is apparent from the decision in *International Shoe Co.* v. *Washington* (1945), 326 US 310 (66 S Ct 154, 90 L Ed 95, 161 ALR 1057) that the trial court must first look to see what "contacts" the parties have with this state under the facts of each case. *Velandra* v. *Regie Nationale-Des Usines*

*Renault* (CA 6, 1964), 336 F2d 292; *Woods* v. *Edgewater Amusement Park* (1969), 381 Mich 559. If the facts show sufficient "minimum contacts" such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice", *International Shoe Co., supra,* p 316, then jurisdiction will be properly founded.

We conclude that the trial judge was correct in his ruling that since the complaint in the instant case presented allegations of a fact, which if proved, might support jurisdiction, the issue could not be disposed of summarily.

Affirmed.

All concurred.