## LINCOLN v FAIRFIELD-NOBEL COMPANY

1. CORPORATIONS—FOREIGN CORPORATIONS—CONTINUOUS AND SYSTEMATIC BUSINESS—COURTS—PERSONAL JURISDICTION—JUDGMENTS —STATUTES.

    The carrying on of a continuous and systematic part of a foreign corporation's general business within the state constitutes a sufficient basis of jurisdiction to enable courts of record to exercise general personal jurisdiction over such corporations and to render personal judgments against such corporations (MCLA 600.711; MSA 27A.711).

2. CORPORATIONS—FOREIGN CORPORATIONS—CONTINUOUS AND SYSTEMATIC BUSINESS—COURTS—PERSONAL JURISDICTION.

    The state may exercise general personal jurisdiction over a foreign corporation where the record reveals numerous mail order sales of clothing to several shops in the state over a period of years, active solicitation of orders by salesmen, a record of successful salesmen, advertising and display and other activities which clearly disclose that the corporation does a continuous and systematic business in the state and that such operations establish sufficient contacts or ties with the state to make it reasonable and just to subject the foreign corporation to personal jurisdiction within the state.

3. CORPORATIONS—FOREIGN CORPORATIONS—CONTINUOUS AND SYSTEMATIC BUSINESS—COURTS—PERSONAL JURISDICTION.

    The representative percentage of a foreign corporation's business to allow the exercise of general personal jurisdiction by the state over the corporation is of no great importance as long as the business done in the state is continuous and systematic.

4. PRINCIPAL AND AGENT—CORPORATIONS—FOREIGN CORPORATIONS— SALESMEN—NEGLIGENCE IN HIRING—AGENCY RELATIONSHIP— QUESTION OF FACT.

    A plaintiff's contention in an auto-death-accident case that de-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 36 Am Jur 2d, Foreign Corporations § 317 *et seq.*

[4] 53 Am Jur 2d, Master and Servant § 422.

[5] 3 Am Jur 2d, Master and Servant § 3.

[6] 3 Am Jur 2d, Agency §§ 1–3.

  53 Am Jur 2d, Master and Servant §§ 426, 427.

fendant foreign corporation was negligent in employing or hiring a salesman with a poor driving record and a history of intoxication as a traveling salesman makes it unnecessary to show any agency relationship between the salesman and the corporation because this asserted negligence is negligence on the part of the corporation itself and not on the part of the agent or salesman; the existence of a principal-agent relationship is generally for the jury to decide, and where the record is conflicting a plaintiff is entitled to have the jury resolve this factual dispute.

5. PRINCIPAL AND AGENT—MASTER AND SERVANT—SCOPE OF AUTHORITY—DEFINITIONS.

An agent is one who acts on behalf of another, particularly with regard to the conduct of business transactions; he is often an employee, although agents are also classified with regard to the scope of their authority; an agent does not have to be a servant, and even though he is not necessarily a servant, a principal is still responsible for his acts if done within the scope of his authority; under the doctrine of *respondent superior* the principal is much more likely to be held accountable for the acts of a servant.

6. PRINCIPAL AND AGENT—CORPORATIONS—FOREIGN CORPORATIONS—AGENCY RELATIONSHIP—SCOPE OF AUTHORITY—DEFINITIONS—QUESTION OF FACT.

The fact that a foreign corporation attempts to use many of the incidents of an independent contractual relationship with regard to its salesmen is not determinative of a lack of agency relationship, and the manner in which the parties designate the relationship is not controlling; if an act done by one person on behalf of another is in its essential nature one of agency, then the actor is an agent regardless of the title bestowed upon him, and the existence of the agency relationship as well as the determination of whether the salesman is acting within the scope of his authority are questions for jury resolution.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted June 8, 1977, at Grand Rapids. (Docket No. 27384.) Decided July 6, 1977.

Complaint by William Lincoln, as administrator of the estates of his daughters Karen M. Lincoln, deceased, and Nancy L. Lincoln, deceased, against

Fairfield-Nobel Company seeking damages for wrongful deaths resulting from the negligent operation of a motor vehicle driven by Michael Wood, an employee of defendant company. Accelerated and summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dean A. Polzin,* for plaintiff.

*Smith & Brooker, P. C.* (by *Michael J. Huffman),* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

D. E. HOLBROOK, J. Plaintiff brought this action in his capacity as the administrator of the estates of Karen M. Lincoln and Nancy L. Lincoln, his daughters. On October 31, 1973, Michael Wood, a Michigan resident, drove his car across the center line of the road striking the car in which plaintiff's decedents were riding. Both Lincoln girls and Mr. Wood were killed in the accident. Plaintiff appeals as of right from a January 14, 1976 order of the trial court granting defendant's motion for accelerated and summary judgment on the ground that the court lacked personal jurisdiction over defendant, a New York corporation, and that defendant was not liable for the alleged negligence of Michael Wood on the basis of *respondeat superior,* because Mr. Wood, a salesman for defendant, was an independent contractor.

We hold that the trial court incorrectly decided that it lacked personal jurisdiction over defendant under the provisions of MCLA 600.711; MSA 27A.711, which provides in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation.

\*   \*   \*

"(3) The carrying on of a continuous and systematic part of its general business within the state."

The facts in the instant case closely parallel those contained in *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945). In *International Shoe, supra,* the authority of the salesmen for the foreign corporation was limited to exhibiting their samples and soliciting orders from prospective buyers at prices and on terms fixed by the corporation. The duties of the salesman were confined to transmitting the orders to the corporate office for acceptance or rejection. Their merchandise was shipped directly to the purchasers. Moreover, none of the corporate salesmen had authority to enter into contracts or collect money. The Court held that those "operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice", to subject the foreign corporation to personal jurisdiction within the state. *International Shoe, supra,* 326 US at 320. Defendant in the instant case is in the same situation with respect to its salesman as was *International Shoe Co.* This Court has adopted the test employed in *International Shoe. June v Vibra Screw Feeders, Inc,* 6 Mich App 484; 149 NW2d 480 (1967), *Wiles v B E Wallace Products Corp,* 25 Mich App 300; 181 NW2d 323 (1970), *Kircos v Goodyear Tire & Rubber Co,* 70 Mich App 612; 247 NW2d 316 (1976).

The facts herein do reveal that defendant carried on a substantial, continuous and systematic part of its business in Michigan. The record reveals numerous mail order sales of clothing to several shops in Michigan over a period of years. Most of the orders were actively solicited by defendant's salesmen. Several salesmen had been operating successfully in Michigan for a period of time. Mr. Wood was paid $250 per week draw against a 4 percent commission on goods sold. Although his commissions had not reached this amount in the short time he represented defendant, his sales were increasing and approaching that figure. A former salesman had been so successful that he was promoted and moved to New York. Also, the salesmen conducted sales throughout the state, operated display booths at Cobo Hall on several occasions at shows, advertised and conducted a successful operation in Michigan. This record discloses that defendant does a continuous and systematic business in Michigan. This is sufficient. *Kircos, supra.* The representative percentage of defendant's business conducted in Michigan is not of great importance as long as the business actually done in Michigan is continuous and systematic. *June, supra.*[1]

The trial court also found that plaintiff's actions were barred because Michael Wood was an independent contractor. First of all, one of plaintiff's contentions was that defendant was negligent in employing or hiring Mr. Wood, a person with a poor driving record and a history of intoxication, as a traveling salesman in a job that required extensive driving. Under this theory it would be

---

[1] *See also, Republic Supply Corp v Lewyt Corp,* 160 F Supp 949 (ED Mich, 1958), *Raymond E Danto Associates, Inc v Arthur D Little, Inc,* 316 F Supp 1350 (ED Mich, 1970). *See also,* 1971 Annual Survey of Michigan Law, Conflict of Laws, 18 Wayne L Rev 223 (1972).

unnecessary for plaintiff to show any agency relationship between Mr. Wood and defendant. This asserted negligence was negligence on the part of defendant itself, not on the part of its agent. See *Eger v Helmar,* 272 Mich 513; 262 NW 298 (1935), 2 Restatement of Torts, 2d, § 411, pp 376–380.[2]

Furthermore, the existence of a principal-agent relationship is generally for the jury to decide. *Jackson v Goodman,* 69 Mich App 225; 244 NW2d 423 (1976), *Miskiewicz v Smolenski,* 249 Mich 63; 227 NW 789 (1929). We find the record conflicting and, therefore, plaintiff was entitled to have the jury resolve this factual dispute.

An agent is one who acts on behalf of another, particularly with regard to the conduct of business transactions. *Saums v Parfet,* 270 Mich 165; 258 NW 235 (1935). An agent is often an employee, although agents are also classified with regard to the scope of their authority. Defendant argues that Mr. Wood was not a servant and therefore defendant was not responsible for Wood's acts. However, an agent does not have to be a servant. *Saums, supra.* 1 Restatement of the Law, Agency, 2d, § 14 N, p 80. Even though an agent is not necessarily a servant, a principal is still responsible for the acts of his agent if done within the scope of the agent's authority. Obviously, the term servant has broader significance and under the doctrine of *respondeat superior,* the principal is much more likely to be held accountable for the acts of the servant. *Saums, supra.*

Mr. Wood was given an exclusive territory in

---

[2] The burden of proof as to whether an employer exercised due care in the selection of a representative should be upon the plaintiff. *See Mooney v Stainless, Inc,* 338 F2d 127 (CA 6, 1964), *cert den* 381 US 925; 85 S Ct 1561; 14 L Ed 2d 684 (1965). *See also, Eger v Helmar,* 272 Mich 513; 262 NW 298 (1935), and *Hudgens v Cook Industries, Inc,* 521 P2d 813 (Okla, 1973).

which he was assigned to solicit business for defendant. He was provided with job guidelines. Although he was not assigned regular hours or routine, the nature of his tasks did not lend themselves to such incidents of employment. The business cards of Mr. Wood circulated to defendant's customers seemed to indicate that Mr. Wood was an agent. Wood used company forms and materials and advertising was provided by the company. Furthermore, defendant shipped directly to the customers upon receipt of the orders obtained by Mr. Wood. Also, the customers contacted Wood when trouble occurred with defendant's products and deliveries and Wood attempted to iron out these difficulties. The fact that defendant attempted to use many of the incidents of an independent contractual relationship with regards to its salesmen is not determinative. The manner in which the parties designate the relationship is not controlling. If an act done by one person on behalf of another is in its essential nature one of agency, then he is an agent regardless of the title bestowed upon him. *Van Pelt v Paull,* 6 Mich App 618; 150 NW2d 185 (1967). The existence of the agency relationship, as well as the determination of whether Mr. Wood was acting within the scope of his authority, was a question for jury resolution.

The trial court erred in its determination that it did not have personal jurisdiction over defendant. Furthermore, the existence of an agency relationship, its scope and the possible negligence of defendant in hiring Mr. Wood constituted jury questions.

Reversed and remanded for trial on the merits. Costs to plaintiff.