## Girard Acceptance Corporation v. William H. Scott Engineering Co.

*J. Vincent Roche*, for plaintiff.
*David S. Winston*, for defendant.

STOUT, *J.*, July 31, 1979—In January 1979, Girard Acceptance Corporation, 661 North Broad

Street, Philadelphia, Pa., a Pennsylvania corporation engaged in the business of financing automobiles, filed a complaint in trespass and assumpsit against William H. Scott Engineering Company and Power Magnetics, Inc., a New Jersey corporation. Plaintiff alleged that it suffered damages on July 19, 1977, because of a fire which erupted in its building at 661 North Broad Street and that the fire had its origin in a transformer designed, manufactured, sold, distributed or otherwise placed in the stream of commerce by defendant Power and installed by defendant Scott.

To this complaint, defendant Power filed preliminary objections stating that plaintiff failed to demonstrate a legal basis of jurisdiction under 42 Pa.C.S.A. §5301(a)(2), Pennsylvania's Long-arm statute. By way of answer to the preliminary objections, plaintiff alleged that jurisdiction was set forth in paragraphs 3 and 5 of its complaint[1] and concluded that: "Plaintiff has patently demonstrated that defendant was 'Doing business in Pennsylvania,' thereby subjecting itself to the judgment of the courts of the Commonwealth of Pennsylvania."

---

1. Paragraph 3: "Defendant, Power Magnetics, Inc. (hereinafter referred to as Power) is a New Jersey Corporation engaged in the business of designing, manufacturing and distributing electrical transformers, inter alia, which, at all times relevant hereto, had a registered business address at 960 East State Street, Trenton, New Jersey and maintained a regular place of business thereat."

Paragraph 5: "The aforenoted fire had its origin in a 200 KVA self-contained transformer which was designed, manufactured, sold, distributed or otherwise placed in the stream of commerce by defendant, Power, and which was installed by defendant, Scott."

In support of its answer to preliminary objections, plaintiff relies on a number of state and Federal cases no one of which is apposite as each case cited was decided under the repealed Long-arm statute, Act of November 15, 1972, P.L. 1063, sec. 8309 et seq. The repealed statute read as follows:

"(a) General rule.—Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

"(5) The ownership, use or possession of any real property situate within this Commonwealth."

That act was repealed by the new Judicial Code. See 42 Pa.C.S.A., Judiciary and Judicial Procedure—Tables and Index, 1979, Introduction, p. III, and page 403, where it is written that: "Former Chapter 83, consisting of §§8301 to 8311, relating to bases of jurisdiction, and added by Act 1972, Nov. 15, P.L. 1063, No. 271, was repealed by Act 1976, July 9, P.L. 586, No. 142, §1, effective June 27,

1978. For similar subject matter, see §§5301 to 5308 of this title."

Section 5301(a)(2) of 42 Pa.C.S.A., upon which defendant Power based its preliminary objections, reads as follows:

"(a) General rule—The existence of any of the following relationships between a person and this Commowealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, . . . and to enable such tribunals to render personal orders against such person or representative: . . . (2) Corporations — (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth. (ii) Consent, to the extent authorized by the consent. (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth."

It is apparent that jurisdiction under the act of 1976 is not the same as jurisdiction under the act of 1972. All of the definitions of "doing business" including "the doing of a single act" under the former act have been repealed. In the place of "the doing of a single act," has been substituted "the carrying on of a continuous and systematic part of its general business." This language is identical with the language of Michigan Compiled Laws, Annotated, §600.711, after which the legislative history indicates the 1976 Pennsylvania Act was patterned. The new act also uses the same phrase, "continuous and systematic," as was used by Chief Justice Stone in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), in describing the due process requirements which must

be met in order to require a corporation to defend away from home.

The question for resolution then is whether the defendant Power Magnetics, Inc., carried on a "continuous and systematic" part of its general business in Pennsylvania so as to subject it to jurisdiction under the applicable long-arm statute, 42 Pa.C.S.A. §5301(a)(2)(iii), and to satisfy the doctrine of International Shoe Company v. Washington, supra. If it did, the preliminary objections should be overruled; if it did not, they should be sustained.

No Pennsylvania case has been found under this new act but an examination of Michigan cases, under the prototype, Lincoln v. Fairfield-Nobel Co., 76 Mich. App. 514, 257 N.W. 2d 148 (1977), Kircos v. Goodyear Tire and Rubber Company, 70 Mich. App. 612 (1976), and June v. Vibra Screw Feeders, Inc., 6 Mich. App. 484, 149 N.W. 2d 480 (1967), and the relevant language from International Shoe Company v. Washington, supra, indicates that the answer to that question must be in the negative. By paragraphs 3 and 5 of its complaint, on which it relies for jurisdiction, plaintiff has not demonstrated that defendant, Power Magnetics, Inc., has carried on "a continuous and systematic part of its general business within the Commonwealth." Neither has it demonstrated that the defendant has sufficient contacts or ties with the Commonwealth of Pennsylvania, within the doctrine of International Shoe, to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit exercise of jurisdiction here.

Preliminary objections are sustained.

## ORDER

And now, July 31, 1979, it is hereby ordered and decreed that the preliminary objections of defendant, Power Magnetics, Inc., are sustained.