Patricia H. BLANKS

v.

TAOS SKI VALLEY, INC.

Civ. A. No. B–87–0564–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 23, 1988.

Joseph C. Blanks, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiff.

Arthur R. Almquist, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff, a citizen of Texas, contends that she was injured on the property of the defendant, a ski lift operator and a citizen of New Mexico. The plaintiff contends that the accident occurred because a sled owned by the defendant was allowed to escape its mooring and to slide down the mountain, where it struck the plaintiff. From this incident, the plaintiff contends, she sustained bodily injury which required medical care.

Initially, the plaintiff filed this action in the United States District Court, Beaumont Division, but dismissed it subsequent to the assignment of her cause to this court. Just before dismissal, plaintiff refiled this action in the 60th Judicial District Court of Jefferson County, Texas, from which the defendant removed the action to federal court. The cause was once again assigned to this court.

The defendant contends that this cause should be either dismissed or transferred to New Mexico. The defendant's theories are as follows: lack of *in personam* jurisdiction, improper venue, and transfer pursuant to 28 U.S.C. § 1404(a).

## I. PERSONAL JURISDICTION

The power of a court to exercise *in personam* jurisdiction over a foreign corporation depends upon whether the exercise of such personal jurisdiction accords with constitutional principles of due process. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 315, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Texas law with respect to the assertion in *in personam* jurisdiction over a foreign

corporation is stated in TEX. CIVIL PRACTICE & REMEDIES CODE §§ 17.042 and 17.044 (Vernon 1988). Texas courts, however, have interpreted this statute to extend to the limits of federal due process. *U–Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977).

To subject a non-resident defendant to *in personam* jurisdiction, there must have been an act done or transaction consummated by the defendant within the forum state, or some other act by which the defendant "purposefully avails itself of the privilege of conducting business within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The defendant's business contacts with the state must be such that the maintenance of the suit " . . . does not offend traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158.

Two separate standards for due process are recognized, depending upon the factual circumstances of the case:

■ (1) *Specific jurisdiction:* If the plaintiff's claim arises from or is related to business activities originated by the defendant within the forum, the plaintiff need establish only that the claim *arose from* those "minimum contacts" of the defendant with the forum state to obtain "specific jurisdiction." *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ (2) *General Jurisdiction:* If the plaintiff's claim does not arise from nor is related to the defendant's activities within the forum, the plaintiff must establish that the defendant carried out "sufficient contacts" within the forum to assert general jurisdiction over it. *Helicopteros Nacionales de Columbia,* 466 U.S. at 414, 104 S.Ct. at 1872; *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

Plaintiff argues for specific jurisdiction on the basis that the defendant has purposely availed itself of the privileges of conducting business within the forum state, thus invoking the benefits and protections of its laws. *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1239. Plaintiff points out that the defendant has had an information booth at the Houston Ski Show, has placed a two-inch by five-inch advertisement in a Houston newspaper, and has sent officers and employees to Texas who have called upon Texas travel agents. In addition, plaintiff contends that the defendant mails literature to Texans, sends invoices to Texans, and collects deposits from Texans upon request. Finally, the plaintiff contends that the defendant draws a third of its clientele from Texas.

Plaintiff argues for the application of *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434 (Tex.1982). In *Siskind,* the Texas Supreme Court held that an Arizona school had sufficient minimum contacts with Texas to satisfy federal due process considerations for a breach of contract action. In *Siskind,* the Villa Foundation operated a school for problem children in Arizona. The Texas plaintiff filled out the school's application in Texas and sent his son to the school for treatment. Claiming that the child had broken certain disciplinary rules at the school, the Villa Foundation expelled the child and refused to refund the remaining tuition. Claiming that the disciplinary grounds for the expulsion were fabricated, the plaintiff sued for breach of contract, misrepresentation, and violation of the Deceptive Trade Practices Act. The Texas Supreme Court held that the Arizona school had sufficient minimum contacts to satisfy due process requirements. These consisted of advertising in the telephone directories of three Texas cities, mailing information packets to Texas residents who had requested them, and sending contracts to Texans, including the plaintiff. *Id.*

Applying *Siskind* to this case, the plaintiff argues that defendant Taos has similarly advertised in the State of Texas. Distinguishing this case, however, is the fact that in *Siskind,* a nexus existed between the contract claim and the actions which went toward establishing minimum contacts in

the forum state. In the present case, however, the contacts which go towards establishing minimum contacts do not appear to have a nexus with the underlying personal injury claim. It is also apparent that the quantity of advertising by defendant Taos does not approach that of the defendant in *Siskind.*

Similarly, in *Runnels v. TMSI Contractors, Inc.,* 764 F.2d 417 (5th Cir.1985), the plaintiff signed the original employment contract in Louisiana, and the alleged breach occurred in Saudi Arabia. Before the plaintiff had signed the contract, the defendant had advertised the job vacancy in a Louisiana newspaper. The court held that sufficient miminum contacts existed to hale the Saudi Arabian defendant into the Texas courts for the breach of contract action. *Id.*

What appear to be the only possible nexuses in the case at bar occurred either over the telephone or through an informational brochure. In a rather vague affidavit, the plaintiff's agent states that an offer was made to him by phone on the occasion in question. However, it is not clear that the other party on the phone was the defendant or that the brochure attached to the affidavit was actually from the defendant. Given the deposition of Mr. Blake, the defendant's general manager, it does not appear that the defendant would have been involved in the type of reservation made on the occasion in question, but rather that any agreements, if any, were made with a separate organization which handles reservations for a multitude of lodge operators. (Deposition of Michael H. Blake, p. 51). The defendant's resort would only become involved in sales of lift tickets with either lodge operators or skiers on site.

Deprived of a firm nexus, the plaintiff further argues case law involving general jurisdiction. In *Pedelahore v. Astropark, Inc.,* 745 F.2d 346, 349 (5th Cir.1984), Louisiana residents were injured at Astropark in Houston, and sued in Louisiana for their injuries. The defendant's contacts included: thousands of radio and TV ads in Louisiana, an Astropark sales representative in Louisiana, significant numbers of Louisia-

nians patronizing Astropark, a ticket consignment agreement in Louisiana for Astropark, and a three-day seminar in New Orleans aimed at developing business in Louisiana for the Houston operation. *Id.* In the present case, the contacts of the defendant do not approach those in *Pedelahore.*

The Fifth Circuit came closest to addressing the facts of the case at bar in *Turner v. Jack Tar Grand Bahama, Ltd.,* 353 F.2d 954 (5th Cir.1965). The cause of action in *Turner* involved personal injuries incurred in the defendant's hotel ballroom. Contacts included the fact that the hotel's officers and directors resided in Texas; two Jack Tar Hotels in Texas "solicited" and took reservations for the hotel in the Grand Bahamas; officers sometimes held meetings in Texas to discuss operations; and the hotel purchased thirty percent of its goods from Texas. Because no real nexus existed between the cause of action and the reservation system, the Fifth Circuit held that the contacts were insufficient to subject the defendant to *in personam* jurisdiction. *Id.*

In the present case, the contacts appear to be equally lacking and contain no firm nexus to the underlying case.

## II.  TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

■ Although this court's analysis points to a lack of *in personam* jurisdiction, the jurisdictional issue need not necessarily be decided given the power of the court to transfer pursuant to 28 U.S.C. § 1404(a), even when jurisdiction is lacking. *Bentz v. Recile,* 778 F.2d 1026 (5th Cir. 1985). The Second Circuit has referred to § 1404 motions as matters "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation." *Lykes Bros. Steamship Co.,* 272 F.2d 679, 680 (2d Cir.1959).

The Supreme Court has outlined the following criteria to be considered in transferring cases:

1. Relative ease of access to the sources of proof;

2. Availability of unwilling witnesses to subpoena;

3. Cost of attending trial by willing witnesses;

4. Relation of community in which courts and jurors are required to serve to the occurrence giving rise to the suit;

5. Accessibility of the premises to jury view;

6. Relative congestion of the court dockets;

7. Practical problems that make trial of the case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Application of the *Gilbert* criteria to the case at bar favors transfer. First, most of the witnesses who have been identified in this case to date, including perhaps even the plaintiff, are residents of New Mexico or a jurisdiction other than the Eastern District of Texas. In addition, the ease of access to sources of proof would appear to be much easier in New Mexico than any other place primarily because a court in New Mexico would be better able to insure that unwilling witnesses would be subject to the subpoena power of that court on the date of trial.

As to the cost of attending trial by willing witnesses, again since most of the witnesses reside in New Mexico, the cost would be reduced substantially through transfer. Those witnesses who do not reside in New Mexico do not appear to reside in the Eastern District of Texas either. The plaintiff, who has stated that her eyewitness resides in the Western District of Texas in San Antonio, has argued that airfare from many Texas cities, including San Antonio, to Taos is comparably inexpensive and has attached an affidavit showing the same. There is also evidence produced by the defendant which shows that the plaintiff now resides in the Southern District of Texas in Houston, which is another city covered by relatively inexpensive airfare. As to the testimony of the treating physicians, the court questions whether the plaintiff would actually call either of them in person at trial, and even if she did, their

apparent locations in Houston would allow them to take advantage of the low transportation costs to New Mexico. Were the trial to be held in Beaumont, the witnesses from New Mexico would face a relatively expensive commuter flight into Beaumont from Houston.

As to the relationship of the community to the occurrence that gave rise to the suit, many people from the State of Texas obviously do go to ski resorts in other states. However, there is no ski resort in Texas and the relationship of the Eastern District of Texas to skiing is tenuous at best. Flat and low, the Beaumont Division is not even remotely similar to Taos topographically. Obviously no jury view could be accomplished in this Division.

In addition, there is no showing that the congestion of the courts' dockets in the Eastern District of Texas or New Mexico which would militate in favor of the trial of the case in either jurisdiction.

Finally, as to practical problems that make trial of the case easy, expeditious and inexpensive, the court feels obligated to look once again at the *in personam* jurisdiction issue. Over a year and a half has elapsed since the defendant filed a special appearance and a brief in support thereof. There have been two hearings held on jurisdiction, and discovery has been limited to the questions concerning the presence of *in personam* jurisdiction. At the latest hearing, five months ago, the court once again held the motion for jurisdiction in abeyance pending further discovery. The court at this point finds that further inquiry into the jurisdiction of this forum would be wasteful and would continue to leave the jurisdictional foundation of this case uncertain.

That the plaintiff's choice of forum should not be lightly disturbed is undisputed; however, this case also contains an ingredient of forum shopping. Originally, the plaintiff filed her action in federal court in this District, but dismissed the action subsequent to the assignment of the case to this particular court. But before dismissal, the plaintiff also filed this action in a state court from which the defendant later

removed the case. Under these circumstances, one must question whether the plaintiff's choice of forum is one that merits serious consideration.

## III. CONCLUSION

In sum, this court finds that the presence of *in personam* jurisdiction over Taos Ski Valley, Inc., is probably lacking and that the case should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Mexico.