JUNE *v.* VIBRA SCREW FEEDERS, INC.

1. ESTOPPEL—CORPORATIONS—CORPORATE IDENTITY.
   Equitable estoppel precludes corporation from invoking corporate
   identity in defense of action by one with whom corporate
   identity has repeatedly been ignored in regular business deal-
   ings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Corporations §§ 14–16.
[2] 18 Am Jur 2d, Corporations §§ 14, 17.
[3, 4] 20 Am Jur 2d, Courts § 146.
[5] 19 Am Jur 2d, Corporations §§ 1462, 1463, 1466.
[6] 20 Am Jur 2d, Courts § 146; 19 Am Jur 2d, Corporations
   §§ 1462, 1463, 1466.
[7] 38 Am Jur, Name §§ 13, 14, 19.
   Construction and effect of statutes as to doing business under
   an assumed or fictitious name or designation not showing the
   names of the persons interested. 45 ALR 198, 59 ALR 455.
[8] 38 Am Jur, Name § 24.
[9, 10] 5 Am Jur 2d, Appeal and Error §§ 546, 552.
[11, 12] 20 Am Jur 2d, Courts § 86.
[13, 14] 20 Am Jur 2d, Costs § 53.
[15] 20 Am Jur 2d, Courts § 85.
[16] 20 Am Jur 2d, Courts §§ 82–86; 41 Am Jur, Pleading §§ 340–
   342.
[17, 18] 30A Am Jur, Judgments §§ 591, 592, 604, 606.

2. Same—Corporate Identity—Parties.

Defendant corporations were estopped from claiming to be improper parties, where, although not legally organized at time of agreement with plaintiff, the agreement was made in corporate names by president who personally ran both corporations, and corporate identities were repeatedly ignored in regular business dealings with plaintiff.

3. Constitutional Law—Due Process—Jurisdiction of Absent Parties.

Due process requires only that party, absent from State, have minimum contacts within State, and that traditional notions of fair play and substantial justice be met, to justify exercise of personal jurisdiction over such party.

4. Corporations—Due Process—Foreign Corporations—Jurisdiction.

Presence of foreign corporation within State, justifying jurisdiction to render personal judgment against it, cannot be doubted where activities of corporation or its agent within State have been continuous, systematic, and have given rise to the liabilities on which suit was brought.

5. Same—Due Process—Foreign Corporations—Service of Process.

Service of process, within State, upon agent through whom presence of foreign corporation is established, is sufficient service upon corporation, providing reasonable assurance that substituted service be actual.

6. Constitutional Law—Corporations—Foreign Corporations—Service of Process.

Claimed lack of jurisdiction over, and improper service upon, foreign corporations *held*, without merit where (1) service was upon corporations' Michigan agent through whom corporations did regular and systematic business in Michigan, (2) dozens of yearly sales were made in Michigan, totaling over $30,000, (3) record established corporations' Michigan customers to be among large Michigan industries, and (4) record establishes actual notice of process by defendants.

7. Names—Statutes—Assumed Name.

Assumed name statute prohibiting persons from doing business under assumed name without filing assumed name certificate applies only where business is conducted under fictitious, misleading, or uncertain name (CL 1948, § 445.1).

8. SAME—ASSUMED NAME.

Claim that plaintiff was precluded from use of Michigan courts for failure to file assumed name certificate, pursuant to statute, *held*, without merit, statute being inapplicable to plaintiff using own surname as part of company he operated (CL 1948, § 445.1).

9. APPEAL AND ERROR—ESTOPPEL.

Estoppel precludes party from taking position on appeal inconsistent with position taken in trial court.

10. SAME—ESTOPPEL—COURT RULES—APPEARANCE OF CORPORATE OFFICERS.

Estoppel precludes defendants, who repeatedly urged trial court to allow their officers to testify and who participated in preparing order requiring their appearance in court pursuant to court rule, from claiming on appeal that such appearance could not be required under such rule (GCR 1963, 506).

11. COURTS—CONSTRUCTION OF COURT RULES.

Provisions of various court rules must be construed together.

12. WITNESSES—APPEARANCE—DEPOSITIONS—COURT RULES.

Court rules, when read together, establish authority of trial court to order either deposition or court appearance to testify by out-of-state party subject to court's jurisdiction (GCR 1963, 305.2, 506).

13. COSTS—TRAVEL—APPEARANCE—COURTS—COURT RULES.

Costs of travel are proper condition under court rule before requiring appearance of out-of-state party only where trial court finds such to be one of conditions that may be just (GCR 1963, 305.2).

14. SAME—COURT RULES—COURTS.

Trial court's refusal to order plaintiff to pay out-of-state defendants' costs of travel, before requiring appearance in trial court, *held*, proper exercise of discretion under court rule (GCR 1963, 305.2).

15. JUDGMENT—COURT RULES.

Judgment entered pursuant to court rule cannot be different in nature than allowed by such court rule (GCR 1963, 305).

16. SAME—COURTS—COURT RULES—SUMMARY JUDGMENT—DEFAULT.

Trial court's entry of summary judgment under court rule and a written order agreed upon by parties *held*, error, where such court rule makes no provision for entry of summary judgment

and agreed order provided for entry of default judgment (GCR 1963, 305).

17. Appeal and Error—Entry of Judgment—Correction of Error.
Procedural error in entry of judgment is corrected by striking erroneous words and substituting proper language.

18. Same—Summary Judgment—Default Judgment.
Judgment erroneously entered by trial court as summary judgment is corrected by striking word "summary" and inserting therefor word "default" (GCR 1963, 305).

Appeal from Oakland; Beer (William J.), J. Submitted Division 2 December 9, 1966, at Lansing. (Docket No. 2,022.) Decided April 13, 1967. Rehearing denied May 22, 1967.

Complaint by Robert June, II, doing business as June Equipment Sales, against Vibra Screw Feeders, Inc., also known as Vibra Screw Sales Company, Inc., New Jersey corporations, for sales commissions allegedly due pursuant to a contract. Summary judgment for plaintiff when defendants' officers failed to appear as required by order of the court. Defendants appeal. Affirmed, summary judgment being corrected to read "default" judgment in conformity with GCR 1963, 506.

*William A. Ortman*, for plaintiff.

*Harry D. Wise, Jr.*, for defendant.

McGregor, J. Appellant in this case is a New Jersey corporation which specializes in industrial machines designed to feed special material into certain manufacturing processes. Appellee was, from 1957 until 1963, the Michigan representative of the appellant. In 1963, appellee's representation was, by agreement between the parties, limited to certain areas of Michigan. This action was originated because of an alleged breach of contract for pay-

ment of commissions due for the sale of the appellant's product in Michigan.

The merits of the original controversy are not before this Court and the parties on appeal confront each other only on procedural grounds. The amount of the alleged disputed commissions owed was, after payments, reduced to about $3,700.

The attorneys in this case made several appearances in the circuit court during late 1965 and early 1966. They reported to the court that they were near settlement; however, settlement was never reached. Counsel for the appellant on several occasions stated the matter could be cleared up if officers and executives of the appellant corporation could appear in court. The trial judge finally invoked GCR 1963, 506.1 and ordered the president and sales manager of the appellant corporation and the appellee to appear in court to testify. The counsels agreed to an order, which was drawn up in appellant's counsel's office, compelling the parties to attend or face default judgment. On the appointed day, the appellant's counsel notified the court that his clients would not appear and that he wished to appeal the order of appearance. The trial court acted to protect the appellant's appeal rights, but granted summary judgment in favor of the appellee.

This appeal is now pursued on the theory that the original service of process upon the present Michigan representative of the appellant, and successor to the appellee, was improper as the agent had no authority to be so served; that Michigan does not properly have jurisdiction over the New Jersey corporation; that the appellee is not properly before the courts of Michigan because of failure to file a statutory assumed name form; that the appellants are entitled to the measures under GCR 1963, 305, if ordered to Michigan, including payment

by the appellee of all expenses of travel of the appellant's officers; and that on the basis of the incomplete proceedings, the appellee was not entitled to summary judgment.

The appellant makes some claim that the parties are not determined as the name Vibra Screw is a part of the name of two different corporations, Vibra Screw Feeders, Inc., and Vibra Screw Sales, Inc. The appellant also claims that neither corporation existed in 1957, when the original contract with the appellee was allegedly created. From the record and exhibits it is clear that Eugene A. Wahl, the president of both Vibra Screw Feeders, Inc. and Vibra Screw Sales Company, Inc., personally conducted the business of these corporations, as he did in his own behalf, using the corporation names, before the corporations were officially chartered. The letterheads and invoices of the corporations were used interchangeably by Mr. Wahl in his dealings with the appellee. Applying the principles of equitable estoppel (see 28 Am Jur 2d, Estoppel and Waiver, § 28, at 629–632, 31 CJS, Estoppel, § 69, at 415, 416, and § 71, at 428, 429), the appellant is estopped in this action from claiming any legal recognition of the separate corporate entities which have been set up by the appellant and which have been ignored in the past by the appellant in dealing with the appellee. We find that the appellant in this action is not incorrectly titled "Vibra Screw Feeders, Inc., a/k/a Vibra Screw Sales Company, Inc." and the appellant is properly identified.

The question of jurisdiction over foreign corporations and the service of process on foreign corporations were both covered in the leading case of *International Shoe Company* v. *Washington* (1945), 326 US 310 (66 S Ct 154, 90 L ed 95). On page 316 of the opinion, the question of jurisdiction over

foreign corporations was covered by Chief Justice
Stone, thus:

"Due process requires only that in order to sub-
ject a defendant to a judgment *in personam,* if he
be not present within the territory of the forum,
he have certain minimum contacts with it such that
the maintenance of the suit does not offend 'tradi-
tional notions of fair play and substantial justice.'
*Milliken* v. *Meyer,* 311 US 457, 463 (61 S Ct 339,
343, 85 L ed 278, 283, 132 ALR 1357)." (Citing
further authorities.)

The opinion of the court continued to cover this
issue and the issue of service of process. On pages
316 and 317, the Chief Justice stated:

"Since the corporate personality is a fiction,
although a fiction intended to be acted upon as
though it were a fact, *Klein* v. *Board of Tax Super-
visors of Jefferson County,* 282 US 19, 24 (51 S Ct
15, 16, 75 L ed 140, 143, 73 ALR 679), it is clear
that unlike an individual its 'presence' without, as
well as within, the State of its origin can be man-
ifested only by activities carried on in its behalf
by those who are authorized to act for it. To say
that the corporation is so far 'present' there as to
satisfy due process requirements, for purposes of
taxation or the maintenance of suits against it in
the courts of the State, is to beg the question to be
decided. For the terms 'present' or 'presence' are
used merely to symbolize those activities of the
corporation's agent within the State which courts
will deem to be sufficient to satisfy the demands of
due process. * * *

" 'Presence' in the State in this sense has never
been doubted when the activities of the corporation
there have not only been continuous and systematic,
but also give rise to the liabilities sued on, even
though no consent to be sued or authorization to

an agent to accept service of process has been given." (Citing authorities.)

and on page 320:

"We are likewise unable to conclude that the service of the process within the State upon an agent whose activities establish appellant's 'presence' there was not sufficient notice of the suit, or that the suit was so unrelated to those activities as to make the agent an inappropriate vehicle for communicating the notice. It is enough that appellant has established such contacts with the State that the particular form of substituted service adopted there gives reasonable assurance that the notice will be actual." (Citing authorities.)

Also, see *Jennings* v. *W. S. M., Inc.* (1963), 369 Mich 210; *National Concessions, Inc.,* v. *National Circus Corporations* (1956), 347 Mich 335; *H. F. Campbell Construction Co.* v. *Palombit* (1956), 347 Mich 340.

Jurisdiction over foreign corporations was expressed in statutory form by the Michigan legislature in the revised judicature act:

"Sec. 711. The existence of any of the following relationships between a corporation and the State shall constitute a sufficient basis of jurisdiction to enable the courts of record of this State to exercise general personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation.

"(1) Incorporation under the laws of this State.

"(2) Consent to the extent authorized by the consent.

"(3) The carrying on of a continuous and systematic part of its general business within the State." PA 1961, No 236 (CLS 1961, § 600.711, Stat Ann 1962 Rev § 27A.711).

The question becomes whether the appellant maintained "continuous and systematic" contacts

necessary to satisfy the doctrine of *International Shoe, supra,* and the applicable statute. The record and exhibits submitted show that in the year preceding this action, the appellant had dozens of sales in Michigan throughout the year, which altogether totalled over $30,000. Statements of appellant's counsel show the Michigan customers of the appellant to be among the large industries of Michigan. Upon perusal of the record, it is evident that the trial court did not err in ruling that the courts of Michigan properly have jurisdiction over the appellant.

In like manner, the service of process on the Michigan representative was such that it did not offend the due process and was not in conflict with the aforementioned precedents. The appellant received notice by means of process served upon its representative in Michigan whose activities for the appellant would establish appellant's "presence" in Michigan. Actual notice is shown by the fact that appellant's counsel responded in line with the process served.

The theory that the appellee is not entitled to the use of the courts of Michigan because of failure to properly file an assumed name certificate in accordance with CL 1948, § 445.1 (Stat Ann 1964 Rev § 19.821) is without merit. We need not consider the appellant's argument that a certificate filed by the appellee was inadequate under the statute. The assumed name statute now in force has not changed its purpose since its adoption in 1907, PA 1907, No 101. An assumed name in the contemplation of the statute is a fictitious, misleading, or uncertain name. *Axe* v. *Tolbert* (1914), 179 Mich 556, *Sauer* v. *McClintic-Marshall Construction Co.* (1914), 179 Mich 618. The appellee in this case used his own surname, June, as a part of the name of the company he operated and in so doing, was not subject

to the filing requirements of the assumed name filing statute. *Hager* v. *Schliess* (1915), 184 Mich 472.

Appellant's counsel argues that the appellant's officers cannot be compelled to appear under the authority of GCR 1963, 506, and that, alternatively, if the appellant's officers must appear, then they are entitled to the full benefit of GCR 1963, 305.2, including the payment by appellee of all travel expenses of the appellant's officers. The relevant language of GCR 1963, 305.2, taken altogether with GCR 1963, 506, establishes that either a deposition or appearance can be ordered upon an out-of-state party over which the Michigan courts have jurisdiction. The payment of travel expenses by the opposing party is only invoked under the court rules if it is one of the "conditions that may be just." If justice does not require the opposing party to pay travel expenses, such payment should not be ordered. We find no error in the trial court's refusal to order the appellee to pay the costs of travel of the appellant's officers in this case.

As to the argument of the appellant that appellant's officers cannot be compelled to appear when the procedure of taking depositions was available, it is the opinion of this Court that the appellant is estopped from asserting the inconsistent position of objecting to the trial court's invoking of general court rule 506 because appellant's counsel repeatedly called for the court to allow the appellant's officers to appear in court, and even participated in drawing the order for appearance. See *LaBello* v. *Victory Pattern Shop, Inc.* (1958), 351 Mich 598, 28 Am Jur 2d, Estoppel and Waiver, §§ 68–75, at 694–710, 31 CJS, Estoppel, § 117 at 610. To hold otherwise would allow the appellant here to play fast and loose with the court rules and engage in a manipulation of the court rules such as to receive an unfair advantage.

The trial court did make a procedural error in granting a summary judgment. Under GCR 1963, 506, the consequences for refusal to appear are a refusal to allow the support of a legal theory, default judgment, or dismissal of the case. The parties specified in the written order of appearance, drawn by the parties' counsels, that nonappearance would result in a default judgment. It is ordered by this Court that the procedural error shall be corrected by striking the entry of a summary judgment in this case and substituting therefor the entry of a default judgment.

The order of the lower court is affirmed, as modified by this opinion. Costs to appellee.

T. G. KAVANAGH, P. J., and J. H. GILLIS, J., concurred.