KIRCOS v GOODYEAR TIRE AND RUBBER COMPANY

COURTS—JURISDICTION—CORPORATIONS—FOREIGN CORPORATIONS—
STATUTES.

An Illinois corporation which solicited sales in Michigan by direct
mail, advertising, personal contact and through automobile
races, maintained a dealership in Michigan, realized an aver-
age of 2.78% of its total revenue from Michigan customers and
counted some of Michigan's large industries among its custom-
ers thereby carried on a sufficiently continuous and systematic
part of its general business in Michigan to come within the
general personal jurisdiction of the Michigan courts (MCLA
600.711[3]; MSA 27A.711[3]).

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted June 10, 1976, at Detroit. (Docket No.
25916.) Decided August 10, 1976.

Complaint by Louis Kircos and Donald J. Bro-
dowicz against Goodyear Tire and Rubber Com-
pany, Roger Penske Chevrolet, Inc., Roger Penske
Performance Division, Lola Cars Limited, Sports
Car Club of America, Inc., and Carl A. Haas
Automobile Imports, Inc., for damages for injuries
suffered when a tire exploded while being inflated.
A motion by defendant Carl A. Haas Automobile
Imports, Inc., to dismiss the complaint and to
quash service of process was denied. Defendant
Haas appeals by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

36 Am Jur 2d, Foreign Corporations §§ 324–327, 473.

Solicitation within state (or District of Columbia) of orders for goods
to be shipped from other state as doing business within state
within statute prescribing conditions of doing business or provid-
ing for service of process. 60 ALR 1007, s. 101 ALR 126, 146 ALR
941.

*Clark, Klein, Winter, Parsons & Prewitt* (by *David M. Hayes* and *James C. Van Dyke*), for plaintiffs.

*Lowell C. Stellberger,* for defendant Carl A. Haas Automobile Imports, Inc.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

Per Curiam. The plaintiffs, Michigan residents, were injured in Wisconsin when a tire on a car imported by defendant Haas exploded while being inflated. The defendant, an Illinois corporation, is not licensed to do business in Michigan, has no place of business in Michigan, has no resident agent in Michigan, and does not own real or tangible property in Michigan. Defendant moved to dismiss the complaint and quash service of process alleging lack of jurisdiction by Michigan courts. Upon the denial of its motion, the defendant takes the instant appeal on leave granted by this Court.

The sole issue on appeal is whether the defendant is subject to the jurisdiction of the Michigan courts.

MCLA 600.711(3); MSA 27A.711(3) provides:

"The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.

*     *     *

"(3) The carrying on of a continuous and systematic part of its general business within the state."

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Thus, the question for resolution is whether the defendant carried on a "continuous and systematic" part of its general business in Michigan.

The facts show that the defendant solicited sales in Michigan by direct mail, advertising media, personal contact, and automobile races. It also maintained a dealer in Michigan. Furthermore, it realized an average of 2.78% of its total revenue during 1970–1974 from Michigan customers and 1.67% of its total revenue ($32,117) in the year preceding this action. Also, among the defendant's customers were some of Michigan's large industries.

*June v Vibra Screw Feeders, Inc,* 6 Mich App 484, 491–492; 149 NW2d 480 (1967), holds:

"The question becomes whether the appellant maintained 'continuous and systematic' contacts necessary to satisfy the doctrine of *International Shoe [Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945)], *supra,* and the applicable statute. The record and exhibits submitted show that in the year preceding this action, the appellant had dozens of sales in Michigan throughout the year, which altogether totalled over $30,000. Statements of appellant's counsel show the Michigan customers of the appellant to be among the large industries of Michigan. Upon perusal of the record, it is evident that the trial court did not err in ruling that the courts of Michigan properly have jurisdiction over the appellant."

The facts of the case at bar fall within the purview of *June.* Therefore, the Michigan courts may assert general personal jurisdiction over the defendant.

Affirmed. Costs to appellees.