**MICHIGAN NATIONAL BANK, as assignee of SLi Machinery Corporation, Plaintiff–Appellant,**

v.

**QUALITY DINETTE, INC.; Re'Vod, Inc., Defendants–Appellees.**

No. 89–1048.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 5, 1989.

Decided Nov. 1, 1989.

Timothy E. Eagle (argued), Thomas C. Clinton, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for plaintiff-appellant.

Bradley K. Glazier, Douglas W. VanEssen (argued), Harold E. Nelson, Clary, Nantz, Wood, Hoffius, Rankin & Cooper, Grand Rapids, Mich., for defendants-appellees.

Before MARTIN and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Michigan National Bank appeals the district court's determination that the court lacked personal jurisdiction over the appellees under either of two provisions of Michigan's long-arm statutes: (1) general personal jurisdiction under Mich.Comp.Laws § 600.711; or (2) limited personal jurisdiction over a corporation "transacting any business within the state" pursuant to Mich.Comp.Laws § 600.715(1).

## I.

Appellees are closely held Alabama corporations with their principal places of business in Winston County, Alabama. Both appellees are engaged in the manufacture of furniture. Neither company owns property in Michigan. Neither company has a telephone listing in Michigan nor do they advertise in Michigan. Appellees, however, do retain a sales representative in Michigan and their sales in Michigan totaled $347,968.91 from 238 sales in 1986 and $279,557.32 from 171 sales in 1987.

SLi Machinery Corporation is engaged in the business of supplying equipment and machinery used in the manufacture of furniture. Appellees first learned of SLi's products at a trade show in Atlanta, Georgia. Negotiations between the parties for the possible sale of various furniture manufacturing machines subsequently took place in Alabama. On May 20, 1986, Appellee Re'Vod, Inc., contracted with SLi to purchase three furniture manufacturing machines manufactured in Italy: the Balestrini tenoner machine, Balestrini mortising machine, and Gabbiani tenoning machine. The three machines were to be manufactured in Italy by a third party and both Balestrini machines were to be shipped to an east coast port where the appellee was to take delivery. The Gabbiani Machine was to be delivered F.O.B. Atlanta, Georgia.

Similarly, Appellee Quality Dinette, Inc., contracted with SLi for the purchase of a fourth machine, the Balestrini copy shaper. This machine was originally to be picked up by the appellee from SLi's warehouse in Grand Rapids, Michigan, but a revised purchase order changed the shipment terms to F.O.B. Greensboro, North Carolina. SLi subsequently assigned its rights under the contracts to the appellant, Michigan National Bank.

The Gabbiani tenoning machine and the Balestrini copy shaper were shipped to appellees who subsequently paid a portion of the purchase price on each, leaving an unpaid balance of approximately $12,900 on the Gabbiani tenoning machine and $50,122 on the Balestrini copy shaper. Appellees cancelled their order prior to the delivery of the remaining two machines, alleging that the appellant was unable to ship the machines within the contracted time for delivery. Appellees have not received delivery of the remaining two machines, and their deposits have not been refunded.

The appellant, Michigan National Bank, as assignee of SLi Machinery Corporation's contracts, brought this action in the district court seeking recovery of the balance due on both contracts. Appellees filed a motion to dismiss asserting that they do not have sufficient minimum contacts with Michigan to subject them to Michigan's personal jurisdiction.

On July 5, 1988, the district court entered an Opinion and Order holding that insufficient grounds had been shown to establish personal jurisdiction based on consent (pursuant to Mich.Comp.Laws § 600.711(2)) or limited personal jurisdiction (pursuant to Mich.Comp.Laws § 600.715(1)). After allowing additional discovery and the submission of additional briefs and affidavits, the district court entered its later Opinion holding that no general personal jurisdiction existed pursuant to Mich.Comp.Laws § 600.711(3). The district court granted appellees' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).

This timely appeal followed.

## II.

The district court sitting in Michigan possesses long-arm jurisdiction solely by virtue of Michigan's long-arm statutes. *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1216 (6th Cir.1989). Appellant argues that appellees conducted a "continuous and systematic part of their general business" within Michigan thereby permitting Michigan to exercise general personal jurisdiction over appellees pursu-

ant to Mich.Comp.Laws § 600.711(3) which provides:

*600.711 Corporations; general personal jurisdiction*

Sec. 711. The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.

(3) The carrying on of a continuous and systematic part of its general business within the state.

Mich.Comp.Laws § 600.711(3) (West 1981). The reach of this *in personam* jurisdiction is limited by the due process clause of the federal constitution. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Although the *International Shoe* standard sets liberal boundaries for state long-arm jurisdiction under federal due process, due process does not compel states to reach the limits of those boundaries. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Generally speaking, the Michigan statute confers on the state courts the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment. *LAK, Inc., v. Deer Creek Enter.*, 885 F.2d 1293 (6th Cir.1989).

Interpreting Mich.Comp.Laws § 600.-711(3), the court in *Kircos v. Lola Cars Ltd.*, 97 Mich.App. 379, 296 N.W.2d 32 (1980), held that "[w]here a corporation is involved, testing whether it is present within a state will require, in almost all instances, a determination that it was present because of the presence of a person who was its agent." *Id.* at 384, 296 N.W.2d 32. "Where the relationship to the state is too attenuated, jurisdiction is not present. A foreign corporation must actually be present within the forum state on a regular basis, either personally *or through*

*an independent agent,* in order to be subjected to general personal jurisdiction." *Id.* at 386, 296 N.W.2d 32 (emphasis added) (citing *Storie v. Beech Aircraft Corp.,* 417 F.Supp. 141, 145 (E.D.Mich.1976)).

The district court in the instant action concluded that appellees did not conduct a continuous and systematic part of their business within Michigan. The district court, therefore, granted appellees' motion to dismiss appellant's general personal jurisdiction claim. In reaching its conclusion, the district court relied on the following facts:

1. Appellees own no property in Michigan.

2. Appellees have no employees, bank accounts or telephone listings in Michigan.

3. Appellees have not solicited sales by telephone in Michigan.

4. Appellees have not participated in trade shows or other promotional events in Michigan.

5. Appellees have not paid taxes to Michigan or collected Michigan sales tax.

Appellant, however, presented numerous facts that are indicative of appellees' "continuous and systematic" business within Michigan:

1. Appellees retained Herman Sussman of Farmington, Michigan, to act as their independent sales representative in Michigan.

2. Appellees conducted mail order solicitations of businesses in Michigan.

3. Appellees solicited sales from 122 businesses in Michigan in 1988.

4. Appellees made 171 sales in Michigan totaling $279,557.32 in 1987. (This figure represents approximately 3% of appellees' total sales in 1987).

5. In 1986, the year in which the transactions forming the basis of this action occurred, appellees made 238 sales totaling $347,968.91 in Michigan.

6. Appellees made at least one sale in Michigan in each and every month during 1986 and 1987.

A trial court's determination that certain activities are sufficient to bring a corporation within the jurisdiction of the court is a legal question subject to direct review. *Kircos v. Lola Cars Ltd.,* 97 Mich.App. at 383–84, 296 N.W.2d 32.

In *Kircos v. Goodyear Tire & Rubber Co.,* 70 Mich.App. 612, 247 N.W.2d 316 (1976), the Michigan court exercised its general personal jurisdiction over the defendant, noting that:

> The facts show that the defendant solicited sales in Michigan by direct mail, advertising media, personal contact, and automobile races. It also maintained a dealer in Michigan. Furthermore, it realized an average of 2.78% of its total revenue during 1970–1974 from Michigan customers and 1.67% of its total revenue ($32,117) in the year preceding this action....

*Id.* at 614, 247 N.W.2d 316. Similarly, in *June v. Vibra Screw Feeders, Inc.,* 6 Mich. App. 484, 149 N.W.2d 480 (1967), the Michigan court held:

> The question becomes whether the appellant maintained 'continuous and systematic' contacts necessary to satisfy the doctrine of *International Shoe,* and the applicable statute. The record and exhibits submitted show that in the year preceding this action, the appellant had dozens of sales in Michigan throughout the year, which altogether totalled over $30,000. Statements of appellant's counsel show the Michigan customers of the appellant to be among the large industries of Michigan. Upon perusal of the record, it is evident that the trial court did not err in ruling that the courts of Michigan properly have jurisdiction over the appellant.

*Id.* at 491–92, 149 N.W.2d 480. In *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court held:

> Jurisdiction ... may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commer-

cial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Id.* at 476, 105 S.Ct. at 2184 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. at 292, 100 S.Ct. at 564).

Based solely upon written submissions the district court granted appellees' motion to dismiss the instant action, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure governing lack of personal jurisdiction. A trial court, at its discretion, may rule on a Fed.R.Civ.P. 12(b)(2) motion on the basis of affidavits alone, or may choose to permit discovery in aid of the motion or conduct an evidentiary hearing on the merits of the motion. *Serras,* 875 F.2d at 1214. Regardless of the method chosen, the plaintiff bears the burden of establishing that jurisdiction exists. *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir.1974).

> When the trial court has determined that the motion to dismiss for lack of personal jurisdiction can be decided upon these written submissions, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff." Thus, her burden is merely that of making a *prima facie* showing that personal jurisdiction exists. If she meets that burden the motion to dismiss should be denied, "notwithstanding any controverting presentation by the moving party."

*Serras,* 875 F.2d at 1214 (citations omitted). Even if a trial court issues a pretrial order denying defendant's 12(b)(2) motion, the defendant may proceed to trial without waiving the defense. *Id.* "A threshold determination that personal jurisdiction exists does not relieve the plaintiff at the trial of the case-in-chief from proving the facts upon which jurisdiction is based by a preponderance of the evidence." *Id.* The party asserting jurisdiction "must carry throughout the litigation the burden of showing that he is properly in court." *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

Although many of the facts relevant to personal jurisdiction were undisputed in *Serras,* the Sixth Circuit noted:

> Certain facts, however, are disputed. As to these facts, the District Court was required to elect one of two courses: determine on written submissions whether the plaintiffs had made a *prima facie* showing on facts sufficient to establish personal jurisdiction, or exercise its discretion to hold an evidentiary hearing (pretrial or at trial). Because it chose the former option, it was obligated to look solely to the plaintiff's pleadings and affidavits: if those stated the facts with sufficient particularity, it was obligated to ignore contrary assertions by the Bank.

*Serras,* 875 F.2d at 1215.

■ Following this court's recent decision in *Serras,* this court finds that the district court erred by deciding the issue on written submissions only. Although appellees have no real estate, bank accounts or telephone listings in Michigan, they do retain an independent sales representative in the state and conduct mail order solicitations of Michigan businesses. Similarly, although appellees did not participate in trade shows or other promotional events in Michigan, appellees nevertheless made over 400 sales totaling over $625,000 in 1986 and 1987. These factors, along with the fact that appellees made at least one sale in Michigan each and every month during 1986 and 1987, indicate that appellees have conducted a "continuous and systematic part of their general business" in Michigan. Though these figures represent only 3% of appellees' total sales during these years, the holdings in *Kircos v. Goodyear Tire & Rubber Co.* and *June v. Vibra Screw Feeders* indicate that these figures, coupled with all other relevant factors, could qualify a corporation's actions as sufficiently "continuous and systematic," thereby warranting general personal jurisdiction.

Because we conclude that the appellant has made a sufficient showing to establish personal jurisdiction, this court holds that the district court erred in granting appellees' motion to dismiss for lack of general personal jurisdiction. Analysis of the second assignment of error (consent to general personal jurisdiction pursuant to Mich. Comp.Laws § 600.711(2)) and third assignment of error (limited personal jurisdiction pursuant to Mich.Comp.Laws § 600.715(1)) are unnecessary because the district court may exercise general personal jurisdiction over the appellees pursuant to Mich.Comp. Laws § 600.711(3).

We REVERSE the district court's determination and REMAND this action to the district court for a trial on the merits of the case.