[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON TELEFLEX LIONEL DUPONT'S MOTION TO DISMISS
In this case the defendant Teleflex Lionel Dupont (TLD) was sued pursuant to our so-called long arm statute, Section 33-411(c). It is undisputed that TLD is a foreign corporation located in Paris, France. The plaintiff, who claims he was wrongfully terminated from his employment with a Connecticut company, alleges that negligent misrepresentation by representatives of TLD made in this state led to his termination. Thus the exercise of long arm jurisdiction over TLD arises out of subsection (4) of § 33-411 (c). The statute in relevant part says a foreign corporation can be sued in our state by a resident whether or not the corporation is transacting or has transacted business here and whether or not it is engaged exclusively in interstate or foreign commerce if the cause of action arises "(4) out of tortious conduct in this state whether arising out of repeated activity or single acts, and whether arising out of misfeasance of non-feasance."
In his complaint the plaintiff alleges that TLD became CT Page 4419 the "ultimate" owner of his employer. TLD representatives came to this state to review the operations of their newly acquired asset and met the plaintiff and encouraged him to be candid with them about the storage and disposal of toxic and hazardous wastes. The complaint alleges the TLD representatives told him his communications would be confidential and would not be shared with Mr. Stern, the president of his employer company, and would not lead to any reprisal.
The plaintiff says that based on those representations he disclosed to the TLD representatives that there had been improper storage and disposal of toxic, hazardous, and waste materials. The complaint, in paragraph 14 of the Second Count, states that the information just referred to "was communicated to senior management of his employer." Paragraph 15 alleges that upon learning of the communication of this information his employer began a campaign to discharge him in retaliation for his cooperation in communicating the information.
The apparent purpose of this campaign was to force him to resign but this proved unsuccessful and the plaintiff was dismissed. The plaintiff then alleges his dismissal was improper and was motivated by the employer's desire to keep the above referenced information from the TLD representatives and state officials. The dismissal violates the public policy of the state as expressed in our anti-pollution statute. The next important allegations are as follows:
 "24. The statements made by the representatives of TLD that their communications with the plaintiff would be confidential contained false information.
 25. The TLD representatives failed to exercise reasonable care in making those false statements.
 26. Plaintiff justifiably relied upon the representations made by TLD's representatives."
As a result of the negligent misrepresentations, the plaintiff claims he was terminated and has brought a suit for damages. CT Page 4420
In July of 1993 TLD filed a motion to dismiss claiming that the court "may not exercise personal jurisdiction over the defendant under either Connecticut's Long Arm Statute or constitutional due process grounds."
 I
In July of 1994 a hearing was held before the court on the motion to dismiss for lack of in personam jurisdiction. At the hearing, the plaintiff testified and TLD submitted the affidavits of Francis Calvarin, Alain Clarou, Alex Reese and Richard Stern. Interestingly it was agreed by counsel that a prima facie test would be applied in determining whether plaintiff had satisfied his burden of establishing jurisdiction. Since important constitutional rights are involved, if a plaintiff were to establish a prima facie case of in personam jurisdiction this would not relieve the plaintiff "of the burden upon trial of proving the facts upon which jurisdiction is based by a preponderance of the evidence," Milligan v. Anderson, 552 F.2d 1202, 1207 (CA 10, 1975), U.S. v. Montreal Trust Co., 358 F.2d 239, 242 (CA2, 1966); later cases include Cutco v. Naughton, 806 F.2d 361,365 (CA 2, 1980), Combs v. Bakker, 886 F.2d 673, 677 (CA 4;, 1989), Michigan Nat'l. Bank v. Quality Dinette, Inc., 888 F.2d 462,466 (CA 6, 1989). The federal practice when dealing with the question of jurisdiction under long arm statutes is set out in Moore's Federal Practice, Volume 2A, § 12.07, pp 12-55
through 12-58.
 "The burden of establishing personal jurisdiction is always on the party asserting it. In determining a motion under this provision, the district court has discretion to proceed either upon written submissions or through a full evidentiary hearing. If the court proceeds upon written submissions, the party asserting jurisdiction need only make a prima facie showing that jurisdiction exists; all of the party's allegations of jurisdictional facts are presumed true and all factual disputes are decided in its favor. If a full evidentiary hearing is held, or if the jurisdictional issue is litigated at the trial, the party asserting jurisdiction must demonstrate it by a preponderance of the evidence. However, if the jurisdictional facts are intertwined with the facts of the merits of the action, a prima facie showing should suffice under CT Page 4421 subsection b(2) 12(b)(2) of Federal Rules of Civil Procedure) and proof of jurisdiction should be left for trial. If the court denies a Rule 12b(2) motion without holding an evidentiary hearing, the movant is not barred from disputing the jurisdictional facts at trial." (or I would imagine at a later pre-trial evidentiary hearing — Rule 12(b)(2) is the counterpart of our motion to dismiss for lack of in personam jurisdiction). (cf. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56 (1983) for some indication of Connecticut procedure).
Our cases have not explicitly adopted the federal procedure, but it seems to be fair. The factual issues that have to be developed under the long arm statute can be complicated requiring extensive discovery to develop. When a motion to dismiss is filed early on in a case, the plaintiff should be held to a lesser standard and pleadings and allegations made in affidavits should be construed in the plaintiff's favor. On the other hand, at this admittedly preliminary stage, before having to participate in extensive discovery and perhaps trial preparation, the defendant should at least be given the opportunity to show that, even taking the plaintiff's pleadings and allegations at face value and giving them every presumptive benefit, there is no prima facie basis for in personam jurisdiction and the case should be dismissed.
What is somewhat odd about the procedural posture here is that although an evidentiary hearing has been held to the extent that the plaintiff testified, a prima facie test is to be applied to see if jurisdiction has been established. In effect this has allowed the defendant to present what it could by way of cross-examination in addition to its affidavits to rebut the prima facie case for jurisdiction. The plaintiff may rely on its complaint, the testimony of the plaintiff, and technically speaking, I suppose, any admissions that might be contained in affidavits filed by the defendant.
The question before me then is: Has the plaintiff presented a prima facie case for in personam jurisdiction under our long arm statute over the defendant Teleflex Lionel-Dupont, a foreign corporation?
The resolution of this question really involves a two CT Page 4422 step analysis. First, is the issue as to what facts or evidence will establish jurisdiction. Secondly when the courts say these facts must be established on a prima facie basis what do they mean. That is, what are the procedural mechanisms and the allocations of burden of proof that define the appropriate presentation of the prima facie case to establish the necessary jurisdictional facts.
(a)
Dealing with the first issue it is clear that in order to make out even a prima facie case under a long arm statute "the plaintiff must allege jurisdictional facts that pertain to the cause of action," Turnock v. Cope, 316 F.2d 332, 334 (ed 7, 1987). This is what our court, I believe, was referring to when in Standard Tallow it said at 190 Conn. pp. 52-53 that when "the jurisdictional basis is not clear . . . additional facts . . . may need to be shown" when long arm jurisdiction over a foreign corporation is asserted. The court went on to say: "If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing jurisdiction."
What then are jurisdictional facts? I do not accept the defendant's analysis that the prima facie establishment of jurisdictional facts under the long arm statute is dependent on a finding that there is a prima facie basis to the legal sufficiency of any tort claim that is the underlying basis of the action brought against a foreign corporation.
The motion to dismiss does not serve the function of a motion to strike and is concerned only with in personam jurisdiction. Hagar v. Zaidman, 797 F. Sup. 132 (D.Conn. 1992) interpreted § 33-411c(1) and (2) and § 52-59b in a case involving the assertion of long arm jurisdiction against a foreign corporation and its president. It involved an underlying claim for breach of an agreement to sell copyrights and grant licenses and copyright infringement. The court discussed certain solicitation activities by the defendant but I do not believe the case stands for a position contrary to the one now taken by the court. When Hagar said it was not clear to that court whether any solicitation by the defendant occurred or whether it was repeated, it was not addressing the merits of the underlying cause of action but specifically was concerned with the issue of whether the defendant's possible CT Page 4423 solicitations, directed toward Connecticut by phone and fax, provided a sufficient jurisdictional nexus, id. p. 137.
In Southern New England Distributing Corp. v. BerkeleyFinance Corp., 30 FRD 43 (D.Conn. 1962) Judge Blumenfeld was interpreting Sec. 33-411 (c)(4) and said at page 46:
 "Because the scope of the inquiry is limited to where the acts were committed and not whether they were tortious, this does not become `the type of case where the question of jurisdiction is dependent on decision of the merits' as in Land v. Dollar, 330 U.S. 731, 735 . . ."
Also see Bross Utilities Service Corp. v. Aboubshalt,489 F. Sup. 1306, 1373 (D.Conn. 1980), Teleco Oil Services, Inc.v. Skandea Ins. Co., 656 F. Sup. 753, 758 (D.Conn. 1987),Nelson v. Miller, 143 N.E.2d 673 (Ill. 1957), Center CapitalCorp. v. Hall, 9 Conn. L.Rptr. 265, 266 (1993), Braunstein v.Hayes Thyme, P.C., 8 Conn. L.Rptr. 369, 371 (1993), cf. Stephenson, Conn. Civil Procedure Vol. I, § 96 page 390, footnote 276.
There is language in Lombard v. General AssetsManagements Co., 190 Conn. 245 (1983) that can cause some confusion on this point where the court discussed Sec. 33-411 (c)(4), id. page 258.
In Lombard the mailing of certain "confirmation slips" to Avon, Connecticut, was asserted to be the jurisdictional fact. The plaintiff conceded the accuracy of the information contained in the slips so that Lombard was a case where the alleged jurisdictional facts and their significance were necessarily intertwined with whether or not there was a viable cause of action. Not every innocuous contact with a state gives it the right to assert jurisdiction over a foreign corporation. But the Standard Tallow case made it clear that the jurisdictional question is not concerned with the merits or legal sufficiency of the legal claim. Thus in StandardTallow at 190 Conn. page 54 the court did say that when a motion such as this is filed the burden is on the plaintiff "to present evidence which will establish jurisdiction." But that statement was made in light of the statement on page 53 that said: "If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove CT Page 4424 the facts establishing the requisite minimum contact." (emphasis added).
The defendant has cited numerous cases for the proposition that the complaint does not make out a prima facie case for negligent misrepresentation. That may be true but I am concerned with jurisdiction to assert any claim. I do not believe as a trial court I should adopt the somewhat draconian limitation on long arm jurisdiction which the defendant s position would seem to entail without explicit direction from our appellate courts. This is especially so since such an interpretation would conflict with a well settled interpretation of our long arm statute in the Second Circuit; given the existence of diversity jurisdiction contrary interpretations by lower state courts in Connecticut would thus create a great deal of confusion until our appellate courts would be able to decide the issue.
The question still remains what then are jurisdictional facts. The previous discussion including the just quoted language from Standard Tallow provide an indication of the answer. As succinctly stated by Judge Blumenfeld in SouthernNew England Distributing Corp.: "In the Connecticut statute, the emphasis is unmistakably upon the place where the tortious conduct occurred. It requires tortious conduct in this state. This is a jurisdictional fact." 30 FRD at pp 46-47 (emphasis by court), cf. Shaw v. American Cyanamid Co., 534 F. Supp. 527, 530 (D.Conn. 1982), Lehigh Valley Industries, Inc. v.Birnbaum, 527 F.2d 87, 93 (CA 2, 1975).[1]
(b)
Given the definition of jurisdictional facts, what does it mean to say that the plaintiff must show these facts on a prima facie basis? When can it be said that such a prima facie showing has been made and what are the mechanisms for doing so?
Some of the previously quoted general language of Moore is instructive on this question. It is said that the allegations of jurisdictional facts by the plaintiff are presumed true. It has been said that the "pleadings and affidavits are to be considered in the light most favorable to the plaintiffs," Rios v. Marshall, 530 F. Sup. 351, 367 (S.D. NY, 1981), see also Hoffritz For Cutlery v. Amajac, Ltd., CT Page 4425763 F.2d 55, 57 (CA 2, 1985). All ambiguities in the pleading and the affidavits must be construed so as to favor the plaintiff,David v. Weitzman, 677 F. Sup. 95, 98 (D.Conn. 1987), TelecoOilfield Services v. Skandia Ins. Co., supra, 656 F. Supp. at page 756.
However, this general language is subject to an important refinement. It is true that from the foregoing discussion the courts appear to say that allegations of jurisdictional facts in a complaint may suffice for a prima facie showing of jurisdiction where they are unchallenged by counter affidavits, cf. Braunstien v. Hayes, 8 Conn. L.Rptr. 369
(1993) where court accepted allegations of complaint as true, also see Teleco Oilfield Services, Inc. v. Skandia Ins. Co., supra where the plaintiff's assertions of jurisdictional facts were not met by fact affidavits countering them but merely by legal argument, 656 F. Supp. at pp. 756-758. But there is an important qualification to the general language. In Ten Mile Industrial Park v. Western PlainsService, 810 F.2d 1518, 1542 (CA 10, 1987) the court said:
 "In ascertaining the facts necessary to establish jurisdiction the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits. . . . However, only well-pled facts of plaintiff's complaint as distinguished from mere conclusory allegations must be accepted as true.
If in response to the defendant's affidavit the plaintiff supplies a competing affidavit then factual disputes are resolved in the plaintiff's favor. But where in fact the defendant has filed a competing affidavit a plaintiff cannot rely on conclusory assertions in the complaint or on conclusory testimony by the plaintiff at a hearing. cf. PytlikProfessional Resources, 887 F.2d 1371, 1376 (CA 10, 1989).
Thus, in Fuehrer v. Owens-Corning Fiberglass Corp.,673 F. Sup. 1150 (D.Conn. 1986) which interpreted Sec. 33-411 (c) allegations of jurisdictional facts were made in the complaint. The defendant submitted counter-affidavits challenging the plaintiff's assertion of jurisdictional facts. The court granted the motion to dismiss, saying:
"Plaintiff must do more than rely on conclusory CT Page 4426 allegations contained in a complaint; it must make at least `a prima facie showing of jurisdiction through its own affidavits and supporting materials' . . . A decision can be made based upon uncontroverted affidavits of the party seeking dismissal."
With these principles in mind the matter now before the court must be analyzed. To say the least the necessary allegations of jurisdictional fact in the complaint are not clear. As previously noted, paragraph 14 states the confidential information the plaintiff gave to the TLD representatives' "was communicated to senior management of his employer." Paragraph 15 alleges that upon learning of the communication of this information his employer began a campaign to discharge the plaintiff in retaliation for his cooperation in communicating the information. Paragraphs 24, 25 and 26 of the Second Count in effect allege that the TLD representatives' statements that the information the plaintiff gave them would be confidential "contained false information." These representatives did not exercise reasonable care in making the false statements. It is further-alleged that as a result of the negligent misrepresentations of the TLD representatives the plaintiff lost his job.
The necessary jurisdictional fact — that the TLD representatives communicated what the plaintiff told them to his employer — is only hinted at. However, giving the benefit of the doubt to the plaintiff, the court must be mindful of the admonition of the cases that ambiguities must be resolved in the plaintiff's favor. Therefore, I conclude the plaintiff has alleged the necessary jurisdictional facts in his complaint.
However, each of the TLD representatives, Mr. Calvarin and Mr. Reese, have submitted affidavits containing explicit and affirmative assertions that any communications made to them by the plaintiff regarding hazardous waste and improper storage of material were not communicated in any way to the plaintiff's employer before his termination. Mr. Clarou the president of the defendant corporation submitted an affidavit in which he states that neither he nor any other employee of TLD communicated the Olson allegations to Olson's employer until after litigation was threatened. Mr. Stern the president of his employer submitted an affidavit saying he received no such information from TLD or any of its agents CT Page 4427 prior to Olson's employment termination in February of 1993.
The plaintiff has submitted no counter-affidavit to rebut these assertions and his courtroom testimony on the issue of the necessary jurisdictional facts was just as conclusory as the allegations of his complaint. The court believes it has no other choice but to dismiss the complaint against the defendant foreign corporation.
This is not to say that in an appropriate case inferences from alleged facts could not support the existence of jurisdictional facts which would in turn allow a court to make a prima facie finding of jurisdiction, cf. El Cid Ltd. v. NewJersey Zinc Co., 444 F. Sup. 845, 849-850 (SDNY, 1977). But this is not the El Cid case where a series of what might be said to be incriminatingly scheduled meetings after discrete events could give rise to a supposition that certain activities by the defendant occurred in New York where the plaintiff was trying to assert jurisdiction; thus compare ElCid with Lehigh Valley Industries, Inc. v. Birnbaum, supra at page 93 where the court granted the motion to dismiss.
Neither can the plaintiff be heard to complain that an impossible burden is being placed upon him at an inappropriate stage of the proceedings and before discovery, especially as regards Mr. Stern, could be completed.
Both parties agreed that I would decide this motion based on a prima facie standard applied to specified material. An interesting procedural and burden allocation approach was discussed in the New York Court of Appeals case of Peterson v.Spartan Industries, Inc., 354 N.Y.S.2d 905, 907 (1974). There the court said the following:
 . . . "subdivision (d) of Rule 12 of the Federal Rules of Civil Procedure allows the court to hold in abeyance a motion to dismiss for lack of personal jurisdiction . . . (the New York procedural practice) is quite analogous. . . . it protects the party to whom essential jurisdictional facts are not presently known especially when those facts are within the exclusive control of the moving party.
The opposing party need only demonstrate CT Page 4428 that facts `may exist' whereby to defeat the motion. It need not be demonstrated that they do exist. This obviously must await discovery."
Leaving aside the workability of a "may exist" standard superimposed on a prima facie requirement, the above is not what this court was asked to do. The court was asked to determine if jurisdiction was shown under our long arm statute by prima facie evidence on the basis of the specific evidence submitted to the court.
I believe that it has not been so shown and the motion to dismiss should be granted.[2] Under these circumstances, a due process analysis, the so-called second prong of an analysis under the long arm statute, is not necessary or required.
Corradino, J.