**DELTA SYSTEMS, INC.,**
**Plaintiff–Appellant,**

v.

**INDAK MANUFACTURING CORP.,**
**Defendant–Appellee.**

**No. 00–1225.**

United States Court of Appeals,
Federal Circuit.

Feb. 2, 2001.

Before LOURIE, LINN, and DYK, Circuit Judges.

Before LOURIE, LINN, and DYK, Circuit Judges.

## DECISION

DYK, Circuit Judge.

Delta Systems, Inc. ("Delta"), seeks review of the decision of the United States District Court for the Northern District of Ohio dismissing Delta's patent infringement action against Indak Manufacturing Corp. ("Indak") for lack of proper venue. The district court's finding of improper venue was based on its conclusion that it lacked personal jurisdiction over Indak under Ohio law. *Delta Sys., Inc. v. Indak Mfg. Corp.*, No. 1:99CV1166 (N.D.Ohio Jan. 27, 2000).

In *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 56 USPQ2d 1965 (Fed.Cir.2000), this court held that, under the Ohio Supreme Court's decision in *Perkins v. Benguet Consolidated Mining Co.*, 158 Ohio St. 145, 107 N.E.2d 203 (Ohio 1952), Ohio courts have jurisdiction over suits unrelated to an out-of-state defendant's activities within the state so long as that defendant has sufficient contacts with Ohio to satisfy federal due process requirements for general jurisdiction. The district court's decision below held the contrary, and we accordingly *vacate and remand* for further proceedings consistent with this opinion.

## BACKGROUND

Delta is an Ohio corporation with its principal place of business in Ohio. On May 14, 1999, Delta brought an action against Indak for infringement of U.S. Patent No. 5,528,007 (the " '007 patent"). The '007 design patent is directed toward electronic plunger switches manufactured and sold by Delta.

Indak is an Illinois corporation with its principal place of business in Illinois. It

produces and supplies electrical switches to manufacturers of automotive and lawn care equipment. Indak has a substantial contingent of long-standing customers in Ohio, from whom it regularly derives millions of dollars in annual sales revenues. Indeed, the district court found, and the parties do not dispute, that Indak "derives over a million dollars worth of sales annually *solely* from customers located in the Northern District of Ohio." *Delta Sys., Inc.*, No. 1:99CV1166, slip op. at 2 (emphasis in original). Indak does not maintain a sales office in Ohio, but does have a sales representative in the state, Mr. Spencer Null, who makes monthly calls on Indak's customers in Ohio, receives commissions from Indak on all sales made to those customers, and distributes business cards in Ohio with Indak's name and telephone number in Illinois.

Delta's complaint arises from Indak's manufacture in Illinois of two pre-production prototype plunger switches that Delta contends infringe on its design patent. So far as the record reveals, Indak has not yet sold or offered for sale any of the allegedly infringing prototype switches in Ohio. However, Spencer Null has shown at least one of the prototypes to MTD, a long-standing customer of Indak's in Ohio.

On July 16, 1999, Indak moved to dismiss the action for improper venue under Fed.R.Civ.P. 12(b)(3). The statute governing venue for patent infringement actions provides, in pertinent part, that venue is proper in a patent infringement suit "where the defendant resides...." 28 U.S.C. § 1400(b) (1993). The statute that defines the residence of a corporation for purposes of venue determinations provides, in pertinent part, that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C.

§ 1391(c) (1993). This standard applies in patent cases. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584, 16 USPQ2d 1614, 1621 (Fed. Cir.1990), *cert. denied*, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). Indak accordingly argued that because it was not subject to personal jurisdiction in Ohio, the action should be dismissed for improper venue.

On January 27, 2000, the district court granted Indak's motion to dismiss. Applying Ohio law, the court stated that personal jurisdiction over Indak "is dependent on a two part showing" that Indak was subject to Ohio's long-arm statute, Ohio Revised Code ("O.R.C.") § 2307.382, and that the exercise of personal jurisdiction comported with the requirements of the federal Due Process Clause. The court concluded that "[p]laintiff fails on part one of this showing because Indak simply is not subject to Ohio's long arm statute," and accordingly dismissed the action for lack of proper venue. This timely appeal followed.

## DISCUSSION

### I

This court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1295(a)(1) and 1338(a). Whether a district court has personal jurisdiction over a party is a question of law that we review *de novo*. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376, 48 USPQ2d 1773, 1775 (Fed.Cir.1998). When considering personal jurisdiction due process issues in a field in which we have exclusive appellate jurisdiction, this court's law applies. *3D Sys.*, 160 F.3d at 1377, 48 USPQ2d at 1776. However, we "defer to a state's highest court to interpret whether a defendant is amenable to service of process in the forum state" under state law. *LSI*

*Indus.*, 232 F.3d at 1371, 56 USPQ2d at 1966 (citing *Hortonville Joint Sch. Dist. No. 1. v. Hortonville Educ. Ass'n*, 426 U.S. 482, 488, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976)).

## II

While we agree with the district court that there were insufficient contacts between Ohio and the alleged infringement to confer personal jurisdiction over Indak under the Ohio long-arm statute, that statute is not the only source of jurisdiction over an out-of-state defendant under Ohio law. In *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 56 USPQ2d 1965 (Fed.Cir.2000), this court addressed the same issue presented in this appeal—namely, whether Ohio courts will entertain suits unrelated to activities within the state so long as the defendant has sufficient contacts with Ohio to satisfy federal due process requirements for general jurisdiction. Relying on the Ohio Supreme Court's decision in *Perkins v. Benguet Consolidated Mining Co.*, 158 Ohio St. 145, 107 N.E.2d 203 (Ohio 1952), and its progeny, we held that "a defendant conducting activity that meets the federal due process threshold for general jurisdiction is necessarily amenable to process under Ohio's 'doing business' standard as described in *Perkins*," and is therefore subject to the personal jurisdiction of the district court. *LSI Indus.*, 232 F.3d at 1374, 56 USPQ2d at 1969.

In short, the district court in this case may properly exercise personal jurisdiction over Indak if that company maintains the "continuous" and "systematic" contacts with Ohio sufficient to satisfy the standard for general jurisdiction set forth by the Supreme Court in *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445, 447–49, 72 S.Ct. 413, 96 L.Ed. 485 (1952) and *Helicopteros Nacionales de Co-*

*lombia, S.A. v. Hall*, 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

## III

■ The district court did not reach the issue of whether it could exercise general jurisdiction over Indak pursuant to the federal Due Process Clause, and there is a dispute as to whether federal due process requirements are satisfied in this case. On remand, the district court should consider all relevant contacts of Indak with Ohio to determine whether the exercise of general jurisdiction over Indak is proper as a matter of due process. *See, e.g., Helicopteros*, 466 U.S. at 411, 104 S.Ct. 1868; *Perkins*, 342 U.S. at 445–49, 72 S.Ct. 413; *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir.1996) (providing non-exhaustive list of relevant contacts).

It appears that Indak has at least three contacts with Ohio that are relevant to that jurisdictional analysis. First, the district court found, and the parties do not dispute, that Indak regularly sells products, other than the allegedly infringing switches, to its "substantial contingent of Ohio customers" and derives millions of dollars in revenue annually from those sales. Although we do not reach this question, that alone might be sufficient to satisfy the requirements for the exercise of general jurisdiction over Indak. *Cf. Quill Corp. v. North Dakota*, 504 U.S. 298, 307–08, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992); *but see Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 573 (2d Cir.) (noting that, "standing alone," defendant's $4 million in sales in forum state over a seven-year period "may not have been sufficient" to support the exercise of general jurisdiction), *cert. denied*, 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996).

Second, Delta alleges that Mr. Spencer Null, Indak's sales representative in Ohio,

is Indak's agent in that state. It is unclear whether that is in fact the case. We note that in the decision on appeal here, the district court appeared to make this finding. *Delta Sys., Inc.*, No. 1:99CV1166, slip op. at 2 ("Indak uses an agent who lives and works in Ohio, Spencer Null, to service its customers in Ohio."). However, before this court, counsel for Indak contended that the district court's use of the term "agent" was merely descriptive, and did not constitute a finding of agency. Counsel for Indak also characterized the distribution by Mr. Null of business cards bearing Indak's name and telephone number in Illinois as an unauthorized act that could not serve as a basis for a finding of agency.

If Mr. Null is an agent of Indak's in Ohio, that weighs in favor of the exercise of general jurisdiction over the company. *See Trierweiler*, 90 F.3d at 1533 ("whether the corporation solicits business in the state through a local office or agents" is pertinent factor in jurisdictional analysis); *cf. Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466–67 (6th Cir. 1989) (reversing dismissal for lack of general jurisdiction where, *inter alia*, foreign company retained independent sales representative in forum state). If however Mr. Null is merely an independent contractor, it is not clear that his actions can be attributed to Indak for the purpose of establishing general jurisdiction over that company. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir.1996) (plaintiff failed to show an agency relationship that would allow exercise of general jurisdiction over defendant based on contacts with forum state by defendant's independent distributor).

Third, Mr. Null testified on deposition that Indak's sales manager and at least one engineer employed by the company periodically accompany him on his visits to Indak's customers in Ohio. Such visits by Indak employees to Ohio for business purposes are relevant to the question of Indak's amenability to suit in Ohio. *See Metro. Life Ins. Co.*, 84 F.3d at 570, 573 (finding visits by defendant's employees and engineers to forum state on more than 150 occasions over seven year period pertinent to jurisdictional analysis).

As stated above, we leave for the district court the question of whether the federal due process requirements for the exercise of general jurisdiction have been met in this case.

### CONCLUSION

For the foregoing reasons, the decision of the U.S. District Court for the Northern District of Ohio is *vacated and remanded.*

### COSTS

No costs.